HENRY WEISSMANN (SBN 132418)
**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:    (213) 683-9100
Facsimile:     (213) 687-3702
E-mail: henry.weissmann@mto.com

JEFFREY F. KELLER (SBN 148005)
**KELLER GROVER, LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861
jfkeller@kellergrover.com

Attorneys for Defendants
VERIZON COMMUNICATIONS INC., VERIZON CALIFORNIA INC., VERIZON CORPORATE SERVICES GROUP INC., VERIZON SERVICES CORP., TELESECTOR RESOURCES GROUP, INC. d/b/a VERIZON SERVICES GROUP, VERIZON SERVICES OPERATIONS INC., VERIZON SERVICES ORGANIZATION, INC., VERIZON CORPORATE SERVICES CORP., and VERIZON DATA SERVICES, INC.

Attorneys for Plaintiffs
DESIREE MOORE, KAREN JONES, AND THE PUTATIVE CLASS

[*Additional Counsel on Signature Page*]

[*Additional Counsel on Signature Page*]

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DESIREE MOORE and KAREN JONES individually and on behalf of a class of similarly situated individuals,<br><br>                    Plaintiffs,<br><br>vs.<br><br>VERIZON COMMUNICATIONS INC., VERIZON CALIFORNIA, INC., VERIZON CORPORATE SERVICES GROUP INC., VERIZON SERVICES CORP., TELESECTOR RESOURCES GROUP, INC. d/b/a VERIZON SERVICES GROUP, VERIZON SERVICES OPERATIONS INC., VERIZON SERVICES ORGANIZATION, INC., VERIZON CORPORATE SERVICES CORP., VERIZON DATA SERVICES, INC., and DOES 1 through 25,<br><br>                    Defendants. | CASE NO.  CV 09-1823 SBA<br><br>**PRELIMINARY APPROVAL ORDER**<br><br>Hon. Saundra Brown Armstrong |

1    WHEREAS, plaintiffs Desiree Moore and Karen Jones, individually and in their representative capacities (collectively, "Plaintiffs" or "Class Representatives"), and defendants Verizon Communications Inc., Verizon California Inc., Verizon Corporate Services Group Inc., Verizon Services Corp., Telesector Resources Group, Inc. d/b/a Verizon Services Group, Verizon Services Operations Inc., Verizon Services Organizations, Inc., Verizon Corporate Services Corp., and Verizon Data Services Inc. (collectively, "Verizon" or "Defendants" and collectively with Plaintiffs, the "Parties"), have reached a proposed settlement of the above-captioned Action (the "Settlement");

WHEREAS, Plaintiffs have moved the Court for preliminary approval of the proposed Settlement on the terms and conditions set forth in the Stipulation and Settlement Agreement and the attached exhibits ("Settlement Agreement");

AND NOW, the Court having reviewed and considered the Settlement Agreement and accompanying documents, and the parties to the Settlement Agreement having consented to the entry of this Order, and all capitalized terms used herein having the meanings defined in the Settlement Agreement, IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.   This Order incorporates the Settlement Agreement and all capitalized terms used herein shall have the meanings defined in the Settlement Agreement.

2.   For purposes of settlement only, the Court certifies the following Settlement Class:   All Persons who are current or former Verizon landline customers billed for third-party charges submitted to Verizon by Billing Concepts Inc. a/k/a Billing Services Group Clearing Solutions or BSG d/b/a USBI and ZPDI, ACI Billing Services Inc. d/b/a OAN, Enhanced Services Billing, Inc. d/b/a ESBI, and HBS Billing Services Company (collectively, "Billing Concepts Inc."); The Billing Resource d/b/a Integretel, The Billing Resource LLC (collectively, "The Billing Resource"), ILD Teleservices, Inc. ("ILD"), Transaction Clearing, LLC ("Transaction Clearing") and PaymentOne Corp., d/b/a

PaymentOne or Ebillit ("Payment One") from April 27, 2005 to the date of Preliminary Approval, February 28, 2012.  Excluded from the class are: (i) customers billed for only the following charges: (a) message telephone services ("MTS") usage charges; (b) charges that relate to a change in the customer's primary interexchange carrier ("PIC"); (c) charges billed by local telephone companies purchased from Verizon by Frontier Communications Corporation, FairPoint Communications, Inc., and Hawaiian Telcom; (ii) any judicial officer to whom the Action is assigned; and (iii) the U.S. government and any State government or instrumentality thereof.  The Court finds, for settlement purposes only, that the requirements of Rule 23(a) and Rule 23(b) of the Federal Rules of Civil Procedure are satisfied and accordingly certifies the Settlement Class for settlement purposes only.

3.     Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the Settlement Agreement as fair, reasonable and adequate to the Settlement Class and accordingly directs that it shall be submitted to the Settlement Class for their consideration and for a hearing in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.  The Court finds, solely for purposes of considering this Settlement, that the requirements of Fed. R. Civ. P. 23(a) are satisfied: (1) members of the Settlement Class are too numerous to be joined individually; (2) there are questions of law or fact common to the Settlement Class; (3) the claims or defenses of the Class Representatives are typical of the claims or defenses of the Settlement Class; and (4) the Class Representatives will fairly and adequately protect the interests of the Settlement Class. The Court finds, solely for purposes of considering the Settlement, that the requirements of Fed. R. Civ. P. 23(b)(3) are satisfied: (1) questions of law or fact common to members of the Settlement Class predominate over any questions affecting only individual members; and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

1  4. John G. Jacobs and David Schachman are appointed as Lead Class Counsel for the Settlement Class, and John G. Jacobs, Bryan G. Kolton, David Schachman, Jeffrey F. Keller, and Jahan C. Sagafi are appointed as Class Counsel for the Settlement Class.

5. Should the Settlement Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Settlement Agreement be terminated or otherwise fail to become effective, the Court's grant of class certification and findings shall be vacated, and the Class Representatives and the Settlement Class would once again bear the burden of establishing the propriety of class certification.  In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

6. The Court finds that the parties entered into the Settlement Agreement in good faith, following arms-length negotiation, including multiple days of mediation conducted by the Honorable Daniel H. Weinstein (ret.).

7. Epiq Systems, Inc. is appointed as the Settlement Administrator.  The Settlement Administrator shall administer the Settlement in accordance with the terms set forth in the Settlement Agreement and perform the functions set forth therein.

8. The Court finds that the Notice Plan, as set forth in Section III of the Settlement Agreement, including the form and content of the notices attached as Exhibits C, D, E, F, and G of the Settlement Agreement, are the best notice practicable under the circumstances and constitute due and sufficient notice to all Persons within the Settlement Class of (i) the pendency and nature of the Action; (ii) certification of the Settlement Class; (iii) the claims, issues and defenses in the Action; (iv) that a Settlement Class Member may enter an appearance through an attorney; (v) the terms of the Settlement Agreement; (vi) the right of Persons within the Settlement Class to exclude themselves from the Settlement Class and the time and manner for requesting exclusion; (vii) the binding effect of any judgment,

1  whether favorable or not, on Persons within the Settlement Class who do not request to be
2  excluded; (viii) the Final Approval Hearing; and (ix) the right of Persons within the
3  Settlement Class who do not request to be excluded to object to the Settlement, the award of
4  attorneys' fees, costs and expenses and/or payment of incentive awards, consistent with the
5  requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any
6  other applicable law.  The parties, by agreement, may revise the Notices, Claim Forms and
7  other exhibits to the Settlement Agreement in ways that are not material, or in ways that are
8  appropriate to update those documents for purposes of accuracy.
9        (a)     Pursuant to the Notice Plan:
10           (i)  As soon as practicable after confirmation that the Customer
11 List Search Methodology constitutes a reasonable methodology for identifying Persons
12 within the Settlement Class, and in no event later than seventy (70) days after such
13 confirmation, no later than April 9, 2012, Verizon shall utilize the Customer List Search
14 Methodology to create the Settlement Class List, the Former Customer List, and the Current
15 Customer List (the "Notice Lists").
16           (ii) Starting within ten (10) days of creation of the Notice Lists,
17 by April 19, 2012:
18              (A)  Verizon will include a Bill Stuffer Notice in bills
19 mailed to Persons who receive Verizon paper bills and who are on the Current Customer List.
20 Verizon will include the Bill Stuffer Notice in two consecutive bills to Persons who are on
21 the Current Customer List.  Verizon will complete the Bill Stuffer Notice no later than June
22 18, 2012.  The Bill Stuffer Notice will be on paper of a color different from any other pages
23 in the envelope, and the envelope shall prominently state the following: "You may be entitled
24 to refunds of third-party charges.  See enclosed [color] notice."  The Parties may agree to use
25 different language, subject to Court approval.
26
27
28

1           (B) Verizon will email the Email Notice to Persons who receive Verizon e-bills and who are on the Current Customer List.  Verizon will email the Email Notice twice to the email address used by those Persons for e-billing.  For emails returned as undeliverable, Verizon will mail the Postcard Notice by United States mail, postage prepaid.

          (C) The Settlement Administrator shall mail the Postcard Notice by United States mail, postage prepaid, to all Persons identified on the Former Customer List.  Before mailing the Postcard Notice, the Settlement Administrator will use the National Change of Address Databank maintained by the United States Postal Service to update the addresses of those Persons who appear on the Former Customer List.  There shall be no obligation on the part of the Parties or the Settlement Administrator to re-mail the Postcard Notice.

          (iii) Verizon will send the Email Notice to all Persons on the Settlement Class List for whom Verizon has an email address.  Verizon will send this Email Notice twice within sixty (60) days of Verizon's creation of the Notice Lists, i.e., by June 8, 2012.

          (iv) Within sixty (60) days of Verizon's creation of the Notice Lists, by June 8, 2012, Verizon shall cause the Publication Notice to be published in two issues of USA Today, each as a quarter-page advertisement, at least a week apart.

          (v)  Within ten (10) days of the entry of this Order, by March 9, 2012, and continuing until fourteen (14) days after the later of (1) the Effective Date, (2) the date the Agreement is terminated in accordance with its terms, or (3) the last settlement payment (check or credit) is made, the Settlement Administrator or Verizon shall do the following:

          (A) The Settlement Administrator shall post the Website Settlement Notice on a website established and maintained by the Settlement

1  Administrator and supported by Google Adwords.  The settlement website will provide links
2  to the Settlement Agreement, Settlement Class Notice, Complaint, Claim Form, and other
3  relevant documents, and provide for the online submission of claims.  The Settlement
4  Administrator will mail the Website Settlement Notice to persons who request it, including a
5  copy of the Claim Form.

6          (B) Verizon shall cause the page of its website dealing
7  with cramming to contain a prominent link to the Settlement Website, with a conspicuous
8  notice that states, "Settlement of class action lawsuit alleging cramming by third parties who
9  bill through Verizon.  If you received a third party charge on your Verizon bill between April
10 27, 2005 and February 28, 2012, visit www.xxx.com or call (800) xxx-xxxx to see if you are
11 eligible to receive a refund of cramming charges that you paid."

12     (b)    Verizon shall file a declaration with the Court attesting that: (a) it
13 compiled the Notice Lists in accordance with Section III.A.2 of the Settlement Agreement;
14 (b) it sent the Bill Stuffer Notice and Email Notice in accordance with Section III.A.3-4 of
15 the Settlement Agreement; (c) Publication Notice was made in accordance with Section
16 III.A.5 of the Settlement Agreement; and (d) it provided Charge Summaries in accordance
17 with Section I.B of the Settlement Agreement.  The Settlement Administrator shall file a
18 declaration with the Court attesting that: (a) the Postcard Notice has been mailed in
19 accordance with Section III.A.3 of the Settlement Agreement; and (b) the Settlement
20 Administrator Website Notice was posted on the website maintained by the Settlement
21 Administrator and mailed to Persons who requested it in accordance with Section III.A.6 of
22 the Settlement Agreement.  Such declarations shall be provided to Class Counsel and
23 Defendants' Counsel and filed with the Court within sixty (60) days of the Notice
24 Completion Date.

25     9.    Any Person within the Settlement Class who wishes to be excluded from the
26 Settlement Class must submit a timely and valid Request for Exclusion to the Settlement

1  Administrator, pursuant to the instructions set forth in the Settlement Class Notice,
2  postmarked no later than August 17, 2012.  To be valid, a Request for Exclusion must satisfy
3  the following requirements: (1) it must contain the name, address and telephone number of
4  the Person submitting the Request for Exclusion; (2) it must be signed either (i) personally, if
5  the Person within the Settlement Class is an individual, or (ii) by an owner or authorized
6  officer, if the Person within the Settlement Class is a business entity; and (3) it must state that
7  the Person wishes to be excluded from the Action.

       (a)    Any Person within the Settlement Class who submits a timely and valid Request for Exclusion shall not be bound by the Settlement Agreement, shall not be entitled to share in the benefits of the Settlement, and shall not be bound by the Final Order and Judgment.

       (b)    Any Person within the Settlement Class who does not submit a timely and valid Request for Exclusion shall be deemed a Settlement Class Member and, upon the Effective Date, shall be bound by the terms of the Settlement Agreement and the Final Order and Judgment, whether or not such Settlement Class Member submits a Claim.

       (c)    The Settlement Administrator shall provide copies of all Requests for Exclusion to Class Counsel and Defendants' Counsel as soon as practicable after receipt of each Request for Exclusion.  No later than August 24, 2012, the Settlement Administrator shall deliver to Class Counsel, who shall file it with the Court, and serve on Defendants' Counsel, a report stating the total number of persons who have submitted timely and valid Requests for Exclusion from the Settlement Class, and the names, addresses and telephone numbers of all such Persons.  Such Persons will not be entitled to object to the Settlement.

10. A Final Approval Hearing shall be held before this Court at 1:00 p.m. on September 25, 2012, in Courtroom 1 on the fourth floor of the United States District Court for the Northern District of California, Oakland Courthouse, located at 1301 Clay Street, Oakland, California 94612, to, *inter alia*:  (i) determine whether to grant final approval to the

1  Settlement Agreement; (ii) consider any timely objections to this Settlement and the Parties'
2  responses to such objections; (iii) determine whether judgment should be entered dismissing
3  the Action with prejudice; and (iv) rule on Class Counsel's application for attorneys' fees,
4  costs and expenses and for incentive awards to the Class Representatives.  The Final
5  Approval Hearing may, from time to time and without further notice to the Settlement Class,
6  be continued by order of the Court.  The Parties may ask the Court to reschedule the Final
7  Approval Hearing depending on the timing of the occurrence of the Notice Completion Date.

8          11.     Any Settlement Class Member who wishes to object to the proposed
9  Settlement, the applications for attorneys' fees, costs and expenses or the request for the
10 payment of incentive awards must file with the Court, and serve upon Class Counsel and
11 Defendants' Counsel, a written objection no later than August 17, 2012.   No person will be
12 permitted to present any objection at the Final Approval Hearing who has not filed a timely
13 written objection in accordance with this order.

14              (a)     All such objections must be in writing and include: (i) the name,
15 address and telephone number of the objecting Settlement Class Member; (ii) a detailed
16 statement of objections to be made, including all factual and legal support for such objection;
17 (iii) any evidence supporting the objection that is intended to be introduced in support of the
18 objection, including evidence of the objector's membership in the Settlement Class; (iv) the
19 caption and case number appearing on the Settlement Class Notice; and (v) whether the
20 objector or objector's counsel intends to appear at the Final Approval Hearing.  Objections
21 not filed and served in accordance with this paragraph shall not be received or considered by
22 the Court.  Any Settlement Class Member who fails to timely file and serve a written
23 objection in accordance with this paragraph shall be deemed to have waived, and shall be
24 foreclosed from raising, any objection to the Settlement, to the fairness, reasonableness, or
25 adequacy of the Settlement, to the payment of attorneys' fees, costs, and expenses, the
26 payment of incentive awards, or to the Final Approval Order or the right to appeal same.
27
28

(b)     Settlement Class Members who do not timely file and serve a written notice of intention to appear in accordance with paragraph 11(a) of this Order shall not be permitted to appear at the Final Approval Hearing, except for good cause shown.

(c)     No objector shall be allowed to appeal the overruling of any objection or the final approval of this settlement unless the objector or his or her or its counsel has appeared in person at the Final Approval Hearing or in advance received for good cause shown the dispensation from the Court from appearing at the Final Approval Hearing.

(d)     Class Counsel should be prepared at the Final Approval Hearing to respond to objections filed by Settlement Class Members, and to provide other information, as appropriate, bearing on whether the Settlement should be approved.

12.   No later than September 11, 2012, a motion or motions for final approval of the Settlement Agreement shall be filed, as well as responses by the Parties to any objections that have been filed against final approval of the Settlement Agreement or any aspect of it, including attorneys' fees and expenses or an incentive award to the named plaintiffs.

13.   Class Counsel shall file a Petition for an award of attorneys' fees and expense reimbursement and an incentive award for the named plaintiffs no later than July 2, 2012.

14.   It shall be the responsibility of Class Counsel and the Settlement Administrator to respond to all inquiries from Settlement Class Members.

15.   With the exception of such proceedings as are necessary to implement, effectuate and grant final approval to the proposed Settlement, all proceedings in this Action are stayed until further order of this Court.

16.   All Settlement Class Members are enjoined from commencing or continuing to prosecute any action or proceeding in any court or tribunal asserting any of the Released Claims, either directly, representatively, derivatively or in any other capacity, against any of the Released Persons, pending the determination in the Final Approval Hearing of whether the Settlement should receive final approval.

17. Verizon shall provide to the Settlement Administrator information for all Persons on the Settlement Class List necessary to implement the terms of the Settlement Agreement notwithstanding any limitations on use, or prohibitions on disclosure, which might otherwise apply to such information under 47 U.S.C. § 222, California Public Utilities Code § 2891, or any other applicable law.  Verizon shall likewise provide Class Counsel any such information as it may relate to challenges made to claims filed by Class Members. Nothing herein constitutes a ruling by the Court that such information is restricted by the foregoing provisions, but, rather, a determination that even if it is, disclosure as set forth herein is appropriate and consistent with the letter and the spirit of such provisions.

18. All information received pursuant to the preceding paragraph shall be kept confidential and used solely for the purpose of implementing the Settlement.  Such information shall not be disclosed or used for any other purpose without the consent of the providing party or pursuant to an order of the Court.

19. Service of all papers on counsel for the Parties shall be made as follows:

(a) <u>Class Counsel</u>: (i) John G. Jacobs, Esq., and Bryan G. Kolton, Jacobs Kolton, Chartered, 122 South Michigan Avenue, Suite 1850, Chicago, Illinois 60603; (ii) Jahan C. Sagafi, Lieff Cabraser Heimann & Bernstein, LLP, 275 Battery Street, 29th Floor, San Francisco, California 9411-3339; (iii) Jeffrey F. Keller, Keller Grover, LLP, 1965 Market Street, San Francisco, California 94103; and (iv) David Schachman, David Schachman & Associates, P.C., 122 South Michigan Ave., Suite 1850, Chicago, Illinois 60603.

(b) <u>Defendants' Counsel</u>: Henry Weissmann, Esq., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Suite 3500, Los Angeles, California 90071-1560.

20. If the Effective Date does not occur, or if the Settlement Agreement is terminated for any reason, then: (a) the Settlement Agreement shall become null and void and shall have no further force or effect; (b) the Settlement Agreement, the Parties'

acceptance of its terms, and all related negotiations, statements, documents and court proceedings shall be without prejudice to the rights of the Parties, which shall be restored to their respective status in the Action immediately prior to the execution of the Settlement Agreement; (c) this Preliminary Approval Order, and all other orders entered pursuant to the Settlement Agreement, shall be vacated, *nunc pro tunc* and *ab initio*, and the Action shall proceed as if the Settlement Agreement had neither been entered into nor filed with the Court; and (d) the Second Amended Complaint to be filed pursuant to Section IX.A of the Settlement Agreement shall be stricken and the Complaint shall be the operative pleading in this Action.

21. The Court may, for good cause shown, extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

**IT IS ORDERED.**

Dated:___2/28/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

ROSEMARIE T. RING (SBN 220769)
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077
E-mail:  rose.ring@mto.com

Attorneys for Defendants
VERIZON COMMUNICATIONS INC.,
VERIZON CALIFORNIA INC.,
VERIZON CORPORATE SERVICES
GROUP INC., VERIZON SERVICES
CORP., TELESECTOR RESOURCES
GROUP, INC. d/b/a VERIZON
SERVICES GROUP, VERIZON
SERVICES OPERATIONS INC.,
VERIZON SERVICES
ORGANIZATION, INC., VERIZON
CORPORATE SERVICES CORP., and
VERIZON DATA SERVICES, INC.

JOHN G. JACOBS (*PRO HAC VICE*)
BRYAN G. KOLTON (*PRO HAC VICE*)
**JACOBS KOLTON, CHTD.**
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone: (312) 427-4000
Facsimile: (312) 427-1850
jgjacobs@ jacobskolton.com
bgkolton@ jacobskolton.com

DAVID SCHACHMAN (*PRO HAC VICE*)
**DAVID SCHACHMAN & ASSOCIATES, P.C.**
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone: (312) 427-9500
Facsimile: (312) 427-1850
ds@schachmanlaw.com

Michael W. Sobol (SBN 194857)
Jahan C. Sagafi (SBN 224887)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
msobol@lchb.com
jsagafi@lchb.com


Attorneys for Plaintiffs
DESIREE MOORE, KAREN JONES, AND THE PUTATIVE CLASS