UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DESIREE MOORE and KAREN JONES individually and on behalf of a class of similarly situated individuals,<br><br>            Plaintiffs,<br><br>    v.<br><br>VERIZON COMMUNICATIONS INC., VERIZON CALIFORNIA, INC., VERIZON CORPORATE SERVICES GROUP INC., VERIZON SERVICES CORP., TELESECTOR RESOURCES GROUP, INC. d/b/a VERIZON SERVICES GROUP, VERIZON SERVICES OPERATIONS INC., VERIZON SERVICES ORGANIZATION, INC., VERIZON CORPORATE SERVICES CORP., VERIZON DATA SERVICES, INC., and DOES 1 through 25,<br><br>            Defendants. | Case No:  C 09-1823 SBA<br><br>**ORDER**<br><br>Docket 102, 129 |

The parties are presently before the Court on Enhanced Services Billing, Inc.'s ("ESBI") motion to intervene under Rule 24 of the Federal Rules of Civil Procedure and application for leave to file a supplemental brief.  Dkt. 102, 129.  Plaintiffs Desiree Moore and Karen Jones (collectively, "Plaintiffs") oppose ESBI's motion to intervene and application for leave to file a supplemental brief.  Dkt. 112, 132.  No Defendant has filed an opposition or statement of non-opposition to ESBI's motion to intervene or to ESBI's application for leave to file a supplemental brief as required by Civil Local Rule 7-3. Having read and considered the papers filed in connection with these matters, and having considered the arguments made by counsel at the August 24, 2012 hearing, the Court

hereby DENIES ESBI's application for leave to file a supplemental brief and DENIES ESBI's motion to intervene, for the reasons stated below.

## I.        BACKGROUND

On April 27, 2009, Plaintiffs filed a putative class action against various Verizon entities (collectively, "Verizon") alleging that Verizon improperly billed them for unauthorized third-party charges submitted to Verizon by billing aggregators. See Compl., Dkt. 1. A first amended complaint ("FAC") was filed on September 18, 2009. FAC, Dkt. 32. On March 6, 2012, Plaintiffs filed a second amended complaint ("SAC"). SAC, Dkt. 101.

The SAC alleges that "[t]his class action against Verizon involves a particularly abusive practice: the intentional charging of consumers for products and services they have not requested or authorized and the illegal billing and collection of such charges." SAC ¶ 1. According to Plaintiffs, "[t]he problem lies in business practices Verizon has adopted for billing and collecting on behalf of itself and myriad third-party companies for various third-party products and services." Id. The SAC alleges that "Verizon, the billing aggregators, and the third-party providers know that the billing and collection system used lacks sufficient checks and safeguards to prevent unauthorized charges from being added to customers' wireline telephone bills – indeed, to the contrary, they all know that there is a significant likelihood of unauthorized charges, given the system presently used – and they have knowingly exploited those defective systems to implement and carry out their fraudulent scheme." Id. ¶ 5.

Plaintiffs and the putative class and sub-class bring claims against Verizon for (a) violation of the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"); (b) violation of the Telecommunications Act of 1934, 47 U.S.C. §§ 201, et seq. (the "TCA"); and (c) breach of trust. SAC ¶ 6. Plaintiffs and the putative class and sub-class also bring claims against all Defendants, other than the Verizon Local Exchange Carriers, for tortious interference with contract. Id. Plaintiffs and the putative sub-class bring additional claims against Verizon California for: (a) violation of California Public

Utilities Code § 2890 (the "CPUC"); and (b) breach of contract against all Defendants for violation of California Business and Professions Code § 17200 et seq. Id. Plaintiffs and the putative class and sub-class seek actual, treble and exemplary damages, injunctive and declaratory relief, interest, costs, and reasonable attorneys' fees. Id. ¶ 7.

In or about October 2010, following this Court's Order granting in part and denying in part Verizon's motion to dismiss the FAC, the parties engaged in mediation under the supervision of the Honorable Daniel H. Weinstein (Ret.). See Dkt. 60, 91. After over a year of mediation, the parties reached an agreement on a proposed settlement of this matter. See Dkt. 91.

The salient terms of the settlement call for: (1) complete refunds of all unauthorized charges for class members filing full payment claims or, alternatively, flat payments of $40 for class members who do not file a full payment claim; (2) various injunctive relief; (3) payment of attorneys' fees and costs in an amount not to exceed $7,500,000; and (4) an incentive award of $5,000 to each of the class representatives. Stipulation and Settlement Agreement ("Settlement Agreement") at 10, 13-17, 22-23, Dkt. 91-1. In addition to paying Plaintiffs' attorneys' fees and costs and the incentive awards to the class representatives, Verizon has agreed to pay the costs of administering the settlement. Id. at 12-13. Verizon has also agreed not to oppose Class Counsels' application for attorneys' fees and costs ("fee application") or to solicit others to do so. Id. at 22. In exchange, the class members agree to release all claims that in any way arise out of or relate to the third-party charges billed by Verizon on behalf of the billing aggregators from April 27, 2005 to the date of preliminary approval of the settlement that have been asserted or that might have been asserted in this action. Id. at 6-7, 13, 21.

On February 28, 2012, the Court issued an Order preliminarily approving the settlement. Dkt. 99. On March 16, 2012, ESBI filed a motion to intervene. Dkt. 102. On April 6, 2012, Plaintiffs submitted an opposition under seal. A reply brief was submitted under seal on April 13, 2012. On August 2, 2012, ESBI filed an application for leave to file a supplemental brief. Dkt. 129. Plaintiffs filed an

opposition to ESBI's application on August 10, 2012.  Dkt. 132.  A hearing on

ESBI's motion to intervene was held on August 24, 2012.  See Dkt. 141.  The final

approval hearing is currently scheduled for March 12, 2013.  Dkt. 152.

## II.    DISCUSSION

ESBI is a billing clearinghouse.  ESBI's Mtn. at 1.  Its clients are service providers

who sell telecommunications and related services to consumers.  Id.  ESBI serves as an

intermediary between its service provider clients and local telephone companies.  Id.

Verizon is one of the local telephone companies that ESBI has an agreement to provide

clearinghouse services.  Id.  As a clearinghouse, ESBI receives electronic billing records

from its clients, which represent charges for services that have been requested by

consumers.  Id. at 2.  ESBI converts those electronic billing records into a format

acceptable to the local exchange carriers, and then forwards its clients' billing records to the

local exchange carrier to be included as a line item on consumer telephone bills.  Id.

ESBI moves to intervene in the instant action for the limited purpose of responding

to Class Counsels' fee application and to participate in the final approval hearing.  ESBI's

Mtn. at 1.  ESBI contends that intervention is appropriate because it meets the requirements

of intervention as of right under Rule 24(a)(2).  Id.  In the alternative, ESBI seeks

permissive intervention under Rule 24(b)(1)(B).  Id.

According to ESBI, it has a significant protectable interest in the amount of

attorneys' fees and costs that the Court approves as part of the proposed settlement because

ESBI is required to indemnify Verizon for certain costs that Verizon has agreed to pay

under the Settlement Agreement pursuant to an indemnity provision in a Billing Services

Agreement (hereafter "indemnity agreement") entered into between Verizon and ESBI.

ESBI's Mtn. at 1; see Jacobs Decl., Exh. G ¶ 20.1.[1]  Specifically, the indemnity agreement

requires ESBI to

---

[1] ESBI concedes that Verizon demanded indemnification from ESBI on September 15, 2010.  ESBI's Mtn. at 3, Exh. 1.  ESBI also concedes that "at least a portion of class counsel's fees and costs which Verizon pays under the Settlement Agreement is ESBI's responsibility" based on the indemnity agreement.  Id.

indemnify, defend and hold harmless Verizon . . . from and against all losses, costs, claims, liabilities, damages, settlements, penalties, awards, and expenses whatsoever (including reasonable attorneys' fees and costs related to the defense of the foregoing), incurred by or asserted against [Verizon] arising from, or in any way connected with, or as a result of (a) [ESBI's] performance or non-performance of its duties and obligations under this Agreement, or (b) [ESBI's] provision or non-provision of services to End-Users and other customers of [ESBI]. All amounts due under this Section shall be payable upon written demand

Jacobs Decl., Exh. G ¶ 20.1.

ESBI contends that Verizon is not adequately representing its interests because Verizon has agreed not to oppose Class Counsels' fee application so long as the amount requested does not exceed $7,500,000. ESBI's Mtn. at 2; see Settlement Agreement at 22.[2] As such, ESBI seeks to intervene to litigate the issue of "whether the amount of the fees that class counsel seeks is reasonable." ESBI's Reply at 2.

### A.     Application for Leave to File a Supplemental Brief

ESBI seeks leave to file a supplemental brief in support of its motion to intervene pursuant to Civil Local Rule 7-3(d). Dkt. 129. ESBI requests permission to file a supplemental brief in support of its "preliminary position" regarding Class Counsels' fee application "to both support intervention and to point out the deficiencies in [the] fee application that are discernible from its face." Id. Plaintiffs oppose the motion, arguing that "ESBI not only fails to demonstrate good cause for its proposed filing, but it also fails to justify its filing[] under either of the specific subsections of Civil Local Rule 7-3(d)." Dkt. 132. Plaintiffs contend that "[a]ll ESBI attempts to do is to put before the Court an expanded statement of its arguments against Class Counsel's requested fees. ESBI cannot justify its filing under either of Local Rule 7-3's two sub-sections nor under any general principle of good cause." Id. at 2. According to Plaintiffs, ESBI's "application" should be

_____

[2] The Settlement Agreement contains what is characterized as a "clear sailing provision," which states that "Verizon shall not oppose . . . or solicit others to [oppose]" an application for attorneys' fees, costs and expenses in an amount that does not exceed $7,500,000. Settlement Agreement at 22. As discussed more fully below, Plaintiffs and Verizon agreed to remove the "clear sailing" provision from the Settlement Agreement at the August 24, 2012 hearing.

1  denied because it seeks leave to file a sur-reply, "which is in fact its fee objection if it were

2  allowed to intervene." <u>Id.</u>

3      Civil Local Rule 7-3(d) provides that once a reply brief has been filed, "no

4  additional memorandum, papers or letters may be filed without prior Court approval,"

5  except that "[i]f new evidence has been submitted in the reply, the opposing party may file

6  and serve an Objection to Reply Evidence. . . ."  N.D. Cal. Civ. L.R. 7-3(d).  In addition,

7  "counsel may bring to the Court's attention a relevant judicial opinion published after the

8  date the opposition or reply was filed by filing and serving a Statement of Recent Decision.

9  . . ."  <u>Id.</u>  The Court finds that ESBI has failed to demonstrate that the filing of a

10 supplemental brief is warranted under Civil Local Rule 7-3(d).  ESBI's application does not

11 seek leave to file an objection to any evidence, let alone new evidence submitted in the

12 reply brief.  Indeed, Plaintiffs filed an opposition to the motion to intervene, not a reply

13 brief.  Nor does ESBI seek leave to bring to the Court's attention a relevant judicial opinion

14 published after the date the reply was filed.  Instead, ESBI seeks leave to file a

15 "supplemental reply brief" in support of its motion to intervene.

16      Furthermore, ESBI has not established good cause to justify the filing of a

17 supplemental reply brief in support of its motion to intervene.  A review of the proposed

18 brief reveals that ESBI seeks to present objections to Class Counsels' fee application.

19 However, ESBI, a non-party, does not cite any authority in support of its attempt to provide

20 its "preliminary position" regarding the deficiencies of Class Counsels' fee application.

21 Indeed, non-class members have no standing to object to the settlement of a class action.

22 <u>Californians for Disability Rights v. Cal. Dept. of Transp.</u>, 2010 WL 2228531, at *8 (N.D.

23 Cal. 2010) (Armstrong, J.); <u>San Francisco NAACP v. San Francisco Unified School Dist.</u>,

24 59 F.Supp.2d 1021, 1032 (N.D. Cal. 1999); <u>see</u> <u>also</u> <u>Gould v. Alleco, Inc.</u>, 883 F.2d 281,

25 284 (4th Cir. 1989) (the plain language of Rule 23 "clearly contemplates allowing only

26 class members to object to settlement proposals.").  Further, to the extent ESBI's proposed

27 supplemental reply brief argues that intervention is warranted because ESBI's obligation to

28 indemnify Verizon creates a "significant protectable interest in the amount of attorneys'

fees the Court approves," and because ESBI's interest is not adequately represented by the parties to this action, ESBI has already presented these arguments in its moving and reply papers.  ESBI has not shown that additional briefing on these issues is necessary or appropriate.  Accordingly, ESBI's application for leave to file a supplemental brief is DENIED.

**B.     Limited Intervention**

As a preliminary matter, the Court finds that ESBI's request to intervene solely for the limited purpose of responding to Class Counsels' fee application is permissible in the Ninth Circuit.  See VFD Consulting, Inc. v. 21st Services, 21st Holdings, LLC, 2005 WL 1115870, *3-5 (N.D. Cal. 2005) (Armstrong, J.) (allowing non-party to intervene solely for the limited purpose of opposing motion for leave to file an amended answer); LG Electronics Inc. v. Q-Lity Computer, 211 F.R.D. 360, 366 (N.D. Cal. 2002) (permitting non-party to intervene for limited purpose of opposing plaintiff's motion to amend its patent infringement contentions).  In fact, the Ninth Circuit has expressly held that a non-party seeking to intervene need not intervene as a full party to the litigation, but may intervene for a limited purpose.  See Beckman Industries, Inc. v. International Ins. Co., 966 F.2d 470, 472 (9th Cir. 1992) (approving intervention of non-party who sought only to modify a protective order).  Accordingly, because it is well-established that a non-party may intervene for the limited purpose of opposing a motion, the next inquiry is whether ESBI has met the requirements of Rule 24(a)(2) or Rule 24(b)(1)(B).

**C.     ESBI's Standing to Object to the Settlement or Any Fee Award**

Plaintiffs contend that ESBI, a non-party, has no standing to object to any part of the Settlement Agreement.  Pls.' Opp. at 3.  According to Plaintiffs, Rule 23 of the Federal Rules of Civil Procedure "precludes ESBI from objecting to the settlement or any fee award under it."  Id.  However, ESBI does not seek to object to the Settlement Agreement under Rule 23.  Rather, ESBI has filed a motion to intervene in this action under Rule 24 to "respond to class counsels' petition for fees and costs and participate in the final approval hearing."  ESBI's Mtn. at 1.  Plaintiffs have not cited any authority holding that Rule 23

precludes ESBI from intervening in this action.  Indeed, while non-class members have no standing to object to a proposed class action settlement, interjection of the opposing views of non-class members may proceed via intervention under Rule 24.  See Gould, 883 F.2d at 284-285 (rejecting blanket proposition that non-class members have no standing as a matter of law to intervene solely by virtue of their non-inclusion in the class).

### D.    Intervention as of Right

Under Rule 24(a)(2), "an applicant for intervention as of right must demonstrate that: (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest."  Prete v. Bradbury, 438 F.3d 949, 954 (9th Cir. 2006) (footnote and quotation marks omitted).  The party seeking to intervene bears the burden of showing that the four elements are met.  Id.

### 1.    Timeliness

A party seeking to intervene must act "as soon as he knows **or has reason to know** that his interests might be adversely affected by the outcome of the litigation." California Dept. of Toxic Substances Control v. Commercial Realty Projects, Inc., 309 F.3d 1113, 1120 (9th Cir. 2002) (emphasis in original).  To determine whether a motion to intervene is timely, courts consider the following three factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.  Id. at 1119.  Although the length of the delay is not determinative, any substantial lapse of time weighs heavily against intervention.  United States v. State of Washington, 86 F.3d 1499, 1503 (9th Cir. 1996).  "Timeliness is 'the threshold requirement' for intervention as of right."  League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997).  If the court finds that the motion to intervene is not timely, it need not reach any of the remaining elements of Rule 24.  Washington, 86 F.3d at 1503.

///

### a.      Stage of the Proceedings

A review of the record in this action reveals that ESBI seeks to intervene at a late stage in the proceedings after a significant amount of litigation has occurred. This action was commenced on April 27, 2009, approximately three years before ESBI filed its motion to intervene. Since the commencement of this action, the parties have engaged in substantial discovery[3] and motion practice. See Dkt. 91. The parties have also engaged in mediation for over a year, which resulted in the settlement of this action. Id. As part of the mediation process, there was an extensive exchange of information, multiple briefings, and multiple days of face-to-face mediation. Id. On February 28, 2012, this Court issued an Order preliminarily approving the parties proposed class action settlement and scheduled a final approval hearing. See Dkt. 99. Aware of the current stage of the litigation, ESBI filed a motion to intervene on March 16, 2012, more than two weeks after the Court preliminarily approved the proposed class action settlement. Dkt. 102.

While ESBI acknowledges that "much water [has] passed under the 'litigation bridge' as Plaintiffs assert," it argues that the stage of the proceedings factor does not weigh against intervention because "no water has passed under the 'fee application bridge.' " ESBI's Reply at 3. The Court disagrees. The Court finds that this factor weighs heavily against intervention because ESBI waited to file a motion to intervene until after the parties reached an agreement to settle this matter following nearly three years of litigation. See California Dept. of Toxic Substances Control, 309 F.3d at 1119 (holding that the stage of the proceedings factor weighs heavily against intervenor where motion to intervene was not filed until after the parties settled following more than six years of litigation, and on the same day plaintiff moved for judicial approval of the consent decree); Orange County v. Air California, 799 F.2d 535, 538 (9th Cir. 1986) (holding that the stage of the proceedings factor weighs heavily against intervenor where motion to intervene was not filed until after

---

[3] For example, Verizon has produced over 150,000 pages of documents as well as compilations and analysis of data extracted from millions of computerized records. See Dkt. 91.

1  the parties had reached a settlement agreement following five years of litigation); Alaniz v.

2  Tillie Lewis Foods, 572 F.2d 657, 658 (9th Cir. 1978) (holding that the stage of the

3  proceedings factor weighs heavily against intervenor where motion to intervene was filed

4  after the consent decree was approved).

5            **b.**       **The Prejudice to Other Parties**

6       "In evaluating the second factor [prejudice to other parties], courts have emphasized

7  the seriousness of the prejudice which results when relief from long-standing inequities is

8  delayed." Air California, 799 F.2d at 538. ESBI contends that neither Plaintiffs nor

9  Verizon will be prejudiced by its intervention because it "does not seek to intervene to

10  object to the terms of the proposed settlement, which are unrelated to this Court's approval

11  of the fee petition." ESBI's Mtn. at 1. According to ESBI, it seeks to intervene "for the

12  limited purpose of responding to the fee application" and its intervention "will not expand

13  the issues before this Court or delay these proceedings in any way" because the "Court's

14  ruling on the fee petition is completely unrelated to the Court's approval of the proposed

15  settlement." Id. at 1, 5.

16       In response, Plaintiffs argue that intervention will cause prejudice because any

17  appeal of the attorneys' fee award will place the entire settlement in jeopardy and expose

18  millions of class members to delay in obtaining relief. Pls.' Opp. at 9. In support of their

19  position, Plaintiffs cite In re Bluetooth Headset Products Liability Litigation, 654 F.3d 935

20  (9th Cir. 2011). In that case, the settlement agreement approved by the district court

21  provided the class $100,000 in *cy pres* awards and zero dollars for economic injury, while

22  setting aside up to $800,000 for class counsel and $12,000 for the class representatives. Id.

23  at 938. The settlement included a "clear sailing agreement" in which defendants agreed not

24  to object to an award of attorneys' fees up to eight times the monetary *cy pres* relief

25  afforded the class. Id. at 947. The settlement also contained a "kicker," which provided

26  that all fees not awarded would revert to defendants rather than be added to the *cy pres* fund

27  or otherwise benefit the class. Id.

28

On appeal, the Ninth Circuit vacated both the final approval and attorneys' fee orders because the district court failed to adequately explain why the disproportion between the fee award and the benefit obtained for the class was reasonable.  See In re Bluetooth, 654 F.3d at 938, 945 (remanding "so that the district court may conduct a more searching inquiry into the fairness of the negotiated distribution of funds, as well as consider the substantive reasonableness of the attorneys' fee request in light of the degree of success attained").[4]  In doing so, the court stated that the fact that the defendant has agreed to pay fees independently of any monetary award or injunctive relief provided to the class does not obviate the need to ensure that both the amount and mode of payment of attorneys' fees are fair.  Id. at 948-949 (noting that the " 'very existence of a clear sailing provision increases the likelihood that class counsel will have bargained away something of value to the class'").  The court further stated that "[b]y disregarding the contents of the clear sailing fee provision . . . , including both the disproportionate amounts negotiated and the reversionary kicker arrangement, the district court effectively 'delete[d]' it from the settlement—an approach that is beyond the scope of the court's discretion." Id. at 948.

As an initial matter, the Court rejects ESBI's contention that the Court's ruling on Class Counsels' fee application is unrelated to the Court's approval of the proposed settlement.  Where, as here, defendants agree to pay attorneys' fees independently of any monetary award or injunctive relief provided to the class, the "class recovery and the agreement on attorneys' fees should be viewed as a 'package deal.' " In re Bluetooth, 654 F.3d at 948-949.  As explained by the Ninth Circuit, the fact that "a [clear sailing] provision is severable does not render it irrelevant to the overall reasonableness of the agreement, for

---

[4] The Ninth Circuit noted that while approval of the settlement agreement was not conditioned on the award of attorneys' fees and costs or an incentive award, and therefore vacatur of the fee award does not necessitate invalidation of the approval order, the court vacated and remanded the approval order because the parties expressly negotiated a possibly unreasonable amount of fees, and because the district court did not take this possibility into account in reviewing the settlement's fairness.  In re Bluetooth, 654 F.3d at 945-946.  The court stated that "[o]n remand the district court should reconsider its approval of the settlement after recalculating a reasonable amount of fees for class counsel."  Id. at 946.

'[i]t is the settlement *taken as a whole, rather than the individual component parts*, that must be examined for overall fairness. . . . The settlement must stand or fall *in its entirety*.' " Id. at 948 (emphasis in original).  In analyzing a settlement's overall reasonableness, the district court "must take into account the defendant's overall willingness to pay.  Ordinarily, a defendant is interested only in disposing of the total claim asserted against it, and the allocation between the class payment and the attorneys' fees is of little or no interest to the defense."  Id. at 949 (quotation marks omitted).  Therefore, a district court "must ensure that both the amount and mode of payment of attorneys' fees are fair, regardless of 'whether the attorneys' fees come from a common fund or are otherwise paid.' "  Id.

As for prejudice to the parties, because granting ESBI's request to intervene would grant ESBI the right to challenge Class Counsels' fee application and to appeal any order awarding attorneys' fees and costs,[5] the Court finds that this factor weighs against intervention.  ESBI's intervention could prolong the litigation, delay recovery for class members, and threaten the parties' settlement.  See California Dept. of Toxic Substances Control, 309 F.3d at 1119 (holding that the district court did not abuse its discretion by finding that the parties would be prejudiced by intervention after settlement because intervention would, among other things, unnecessarily prolong the litigation and threaten the parties' settlement); Air California, 799 F.2d at 538 (holding that the district court did not abuse its discretion in recognizing the potential for prejudice to the other parties from the possibility of the settlement unraveling by allowing a party to intervene after a final settlement had been reached after five years of litigation); League of Latin American Citizens, 131 F.3d at 1304 (noting that the admission of an intervenor will have the "inevitable effect of prolonging the litigation to some degree," and finding prejudice where

---

[5] See League of Latin Am. Citizens, 131 F.3d at 1304 ("as a general rule, intervenors are permitted to litigate fully once admitted to a suit"); Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 376 (1987) (an intervenor may appeal from all interlocutory and final orders that affect him whether the right under which he intervened was originally absolute or discretionary).

intervenor waited twenty-seven months before intervening at a time when the litigation was beginning to wind itself down).

Moreover, the Court finds ESBI's claim of prejudice that it would suffer upon denial of its motion to intervene unpersuasive.  ESBI argues that "[i]f denied the opportunity to intervene, ESBI's interests will be impaired - leaving it without a meaningful opportunity to adjudicate [the reasonableness of the fee application]."  ESBI's Reply at 1.  The Court disagrees.  As an initial matter, the Court notes that any prejudice to ESBI from the denial of its motion to intervene is self-inflicted.  ESBI could have proceeded more diligently to prevent the hardship it claims will result from the denial of its motion to intervene.  By waiting until a settlement was reached to request intervention, ESBI relinquished any ability to participate in the litigation and settlement of this matter.  Thus, while ESBI complains at this late hour that its interests were not represented in Verizon's decision to agree to pay up to $7,500,000 in attorneys' fees and costs to settle this action, it complains about a circumstance it allowed.  Indeed, ESBI conceded at the hearing that it "knew from the date this lawsuit was filed . . . that its interests would be impacted by the lawsuit because [of the] . . . indemnification agreement.  Transcript of Proceedings at 68:13-16, Dkt. 144.

Further, the Court finds that the denial of intervention will not cause significant prejudice to ESBI because it has an alternative remedy.  See R & G Morg. Corp. v. Federal Home Loan Mortg. Corp., 584 F.3d 1 (1st Cir. 2009) (denying motion to intervene as untimely where parties had forged a settlement prior to motion and intervenor had an adequate remedy because it could bring a separate action to recover the damages from one of the parties).  Assuming that Verizon seeks indemnification from ESBI in a subsequent proceeding, which at this point is speculative, ESBI can challenge the reasonableness of the settlement in that proceeding.

ESBI, for its part, does not challenge Plaintiffs' contention that the indemnity agreement requires Verizon and ESBI to submit disputes regarding the parties' respective duties and obligations under the indemnity agreement to arbitration, and that the arbitrator

1   must apply New York law to resolve any dispute.  See Jacobs Decl., Exh. G ¶ 16.  Nor does

2   ESBI dispute Plaintiffs' claim that, under New York law, in order for Verizon to recover

3   reimbursement against ESBI under the indemnity agreement, Verizon must show, among

4   other things, that the settlement of this action was reasonable and in good faith.  See

5   ELRAC, Inc. v. Cruz, 699 N.Y.S.2d 647, 649 (1999).  A determination of whether the

6   settlement was reasonable and in good faith necessarily involves a determination of

7   whether it was reasonable for Verizon to agree to pay up to $7,500,000 in fees and costs to

8   settle this matter.  ESBI does not cite any authority demonstrating that it would be

9   foreclosed from challenging the reasonableness of the settlement in a subsequent

10  proceeding wherein Verizon seeks reimbursement against ESBI under the indemnity

11  agreement.

12          Finally, the Court notes that any prejudice to ESBI from being denied intervention is

13  ameliorated by the fact that the parties agreed at the hearing to remove the "clear sailing"

14  provision from the Settlement Agreement, and by the fact that Verizon represented to the

15  Court that it will oppose Class Counsels' fee application if it determines that an opposition

16  is necessary after reviewing the application.  See Transcript of Proceedings at 23-24:2,

17  25:3-8, 27:9-10, 38:20-23, 41:8-11, Dkt. 144.  As ESBI conceded at the hearing, the

18  removal of the "clear sailing" provision addresses "the crux" of its concern, which is that

19  the fee application would not be the "subject of an adversarial process."  See id. at 21:12-

20  22:14.  Any prejudice to ESBI is further ameliorated by the fact that the Court will allow

21  ESBI to file an amicus brief opposing Class Counsels' fee application.  At the hearing,

22  Class Counsel indicated that they do not oppose the filing of such a brief.  Transcript of

23  Proceedings at 9:5-6.  Moreover, the Court finds that an amicus brief is appropriate because

24  it will assist the Court in fulfilling its obligation to closely scrutinize the relationship

25  between attorneys' fees and the benefit to the class to ensure that the attorneys' fee award,

26  like the settlement itself, is reasonable.  See In re Bluetooth, 654 F.3d at 942, 948-949.

27  ///

28  ///

1

**c.      The Reason and Length of Delay**

2      "While the length of time that has passed since a suit was filed is not, in and of itself,

3   determinative of timeliness, '[a] party seeking to intervene must act as soon as he knows **or**

4   **has reason to know** that his interests might be adversely affected by the outcome of the

5   litigation.' " California Dept. of Toxic Substances Control, 309 F.3d at 1120 (emphasis in

6   original); see also United States v. Alisal Water Corp., 370 F.3d 915, 923 (9th Cir. 2004)

7   ("A party must intervene when he 'knows or has reason to know that his interests might be

8   adversely affected by the outcome of litigation.' "); Sokaogon Chippewa Cmty. v. Babbitt,

9   214 F.3d 941, 949 (7th Cir. 2000) ("The purpose of the [timeliness] requirement is to

10  prevent a tardy intervenor from derailing a lawsuit within sight of the terminal.  As soon as

11  a prospective intervenor knows or has reason to know that his interests might be adversely

12  affected by the outcome of the litigation he must move promptly to intervene.").

13      ESBI contends that its motion to intervene is timely because it first learned of the

14  proposed terms of the settlement agreement, including Verizon's agreement to pay up to

15  $7,500,000 in attorneys' fees and costs on February 2, 2012, the day after the motion for

16  preliminary approval of class action settlement was filed.  ESBI's Mtn. at 10.  Prior to that

17  date, ESBI claims that it had no reason to believe that Verizon would enter into a settlement

18  agreement whereby Verizon would agree to pay up to $7,500,000 for Class Counsels' fees

19  and costs without retaining the ability to assess the reasonableness of the fee application.

20  Id.  According to ESBI, the date that it became aware of the settlement terms should mark

21  the beginning of the timeliness clock because this was the first time that ESBI had notice its

22  interest in limiting its indemnity exposure was no longer being protected by Verizon.  See

23  id.; ESBI's Reply at 2-3.  The Court disagrees.

24      ESBI did not cite any authority in its moving papers supporting its position.  Instead,

25  in its reply brief, ESBI cites, without elaboration or analysis, Officers for Justice v. Civil

26  Serv. Comm'n, 934 F.2d 1092 (9th Cir. 1991), for the proposition that in analyzing

27  timeliness, the focus is on the date the prospective intervenor should have been aware its

28  interests would not be protected adequately by the parties, rather than the date the person

learned of the litigation.  Id. at 1095.  In that case, which involved questions pertaining to the expiration date of a consent decree designed to remedy racial and gender discrimination in the hiring and promotion practices of the San Francisco Police Department, the Ninth Circuit held that the district court in denying the motion to intervene erroneously focused on the length of the time that had passed since the complaint was filed and the consent decree was entered into and approved, rather than the length of time that had passed from the date the intervenor's interests were no longer adequately represented by a party to the action.  See id. at 1093, 1095-1096.  In so holding, the court found that an existing party to the litigation had adequately represented the intervenor's interests until it changed its position and no longer represented the intervenor's interests.  See id. at 1095-1096.  Under these circumstances, the Court determined that in analyzing timeliness, the appropriate time period is the length of time that passed from the date the intervenor's interests diverged from those of the existing party.  Id.

Because Officers for Justice is distinguishable from the instant case, the Court finds ESBI's reliance on it misplaced.  Here, unlike in Officers for Justice, it is not clear that Verizon has failed to adequately represent ESBI's financial "interest in limiting its indemnity exposure" by agreeing, as part of the overall settlement of this matter, to pay Class Counsels' attorneys' fees and costs up to $7,500,000.  ESBI did not provide persuasive argument in its motion papers or at the hearing, let alone evidence, in support of its speculative assertion that Verizon has not adequately represented its interests.

In fact, given ESBI's decision not to intervene in this litigation and its failure to meaningfully participate in the settlement negotiations,[6] it is unclear how ESBI is in a position to convincingly argue that Verizon has failed to adequately protect its interests. When ESBI's counsel was asked at the hearing to explain how she knows that her client

---

[6] While ESBI acknowledges that it sent a representative to the February 2011 mediation session, ESBI's Reply at 3 n. 2, it did not otherwise participate in the mediation process.  At the hearing, ESBI stated that it was not allowed to participate in the mediation process after the first session.  Transcript of Proceedings at 54:2-24.  Verizon, for its part, stated that ESBI did not request to participate.  Id. at 55:1-3.  ESBI did not argue that it requested to participate in any mediation session after the first session.

would not have agreed to the attorneys' fees provision in the Settlement Agreement given that ESBI has not participated in this action or sufficiently participated in settlement negotiations, counsel simply stated that Verizon has not adequately represented ESBI's interests because she has reviewed the docket and the fee application and her client "doesn't feel" that the fee award requested is "appropriate under the circumstances of this case." Transcript of Proceedings at 31:3-15.  ESBI, however, admitted that, other than an attorney from its parent corporation attending the first mediation session, it was not involved in the settlement negotiations in any way, and thus was unaware that Class Counsel believe that they can easily justify a fee request that far exceeds the $7,500,000 cap in fees and costs that the parties agreed to as part of the settlement of this matter.  See id. at 8:9-18; 32:5-11,

Furthermore, as ESBI concedes, it was aware long before it filed the instant motion to intervene on March 16, 2012 that its interests might adversely be affected by the outcome of this litigation.  In connection with their opposition brief, Plaintiffs submitted evidence demonstrating that ESBI has known of this action since at least March 2010, has known of its obligation to indemnify Verizon since at least September 2010, and has known that the parties were engaged in settlement negotiations since at least February 2011.

Specifically, the evidence submitted by Plaintiffs shows that on March 30, 2010, counsel for Verizon filed a "Notice of Pendency of Other Actions or Proceedings" in a case pending in the Central District of California wherein ESBI is a named defendant.  Jacobs Decl., Exh. A.  The notice specifically states that the Central District of California case, Lewis v. Verizon Communications Inc., et al., CV 10-02337, is related to the instant case.  Id.  The evidence submitted by Plaintiffs also shows that Verizon sent a letter to ESBI dated September 15, 2010, which demands that "ESBI fully indemnify Verizon" in this matter pursuant to Section 20.1 of the parties' Billing Services Agreement.  ESBI's Mtn. to

Intervene, Exh. 1.[7]  Plaintiffs also submitted evidence showing that on February 2, 2011 an attorney for "BSG,"[8] Andrea Kruchinski, attended a mediation session in this case,[9] and that JAMS sent her e-mails in April 2011, August 2011, and September 2011 regarding the scheduling of mediation sessions in this case.  <u>See</u> Jacobs Decl., Exhs. E-F.

Plaintiffs contend, and ESBI does not dispute, that BSG is ESBI's parent corporation and that ESBI was on notice of the parties' settlement negotiations for more than a year before ESBI filed its motion to intervene.  ESBI, for its part, concedes that it had a representative at the February 2011 mediation session.  ESBI's Reply at 3 n. 2.  Further, ESBI does not dispute that it has known about this action since at least March 2010, and has known about its obligation to indemnify Verizon since at least September 2010.  In fact, ESBI conceded at the hearing that it has known that its interests would be impacted by this litigation since the case was filed due to the indemnity agreement.  Transcript of Proceedings at 68:13-16.  ESBI also stated at the hearing that it has been paying the attorneys' fees and costs incurred by Verizon in defending this action pursuant to the indemnity agreement.  <u>See id.</u> at 39:21-22.

In light of the foregoing, the Court finds that the length and reason for delay weighs heavily against intervention.  ESBI's reason for the delay is completely unavailing.  ESBI was aware of the existence of this action, its indemnification obligations, and that its interests might be adversely affected by the outcome of this litigation long before filing its

---

[7] The letter states, in relevant part, that: "Section 20.1of the Billing Services Agreement obligates ESBI to "indemnify, defend and hold harmless Verizon . . . from and against all losses, costs . . . , and expenses whatsoever (including reasonable attorneys' fees and costs related to the defense of the foregoing), incurred by or asserted against [Verizon] arising from, or in any way connected with, or as a result of (a) [ESBI's] performance or nonperformance of its costs duties and obligations under this Agreement or (b) [ESBI's] provision or nonprovision of services to End-Users and other customers. . . ."  ESBI's Mtn., Exh. 1.

[8] The SAC alleges that Billing Services Group, Ltd. ("BSG") is the largest landline billing aggregator in the country and that ESBI is one of its subsidiaries.  SAC ¶ 5.  Neither BSG nor ESBI is a named defendant in this action.

[9] As noted by Plaintiffs, Andrea Kruchinski's address on the February 2, 2011 mediation sign in sheet is the same address set forth in the indemnification demand letter that Verizon sent to ESBI.  <u>Compare</u> Jacobs Decl., Exh. E <u>with</u> ESBI's Mtn., Exh. 1.

motion to intervene.  At the latest, ESBI was on notice that it might be required to indemnify Verizon "against all losses" arising out of this lawsuit in September 2010 when it received Verizon's indemnification demand letter.[10]  This notice was sufficient to trigger ESBI's duty to take action.  At that time, ESBI knew or should have known that this action could result in a judgment or settlement that would impact its financial interest in limiting its indemnity exposure.  To protect its interests, ESBI could have moved to intervene earlier or sought to participate in the settlement negotiations before the action was settled.  ESBI should have known that the risks of waiting to intervene included the possibility that its motion to intervene would be denied as untimely.  See California Dept. of Toxic Substances Control, 309 F.3d at 1120 (finding intervention untimely because applicants had notice of settlement negotiations and notice that they might be responsible for clean-up costs under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") over a year before seeking to intervene; noting that while the intervenors "were not certain that the consent decree would be adverse to their interests, they had reason to know that negotiations might produce a settlement decree to their detriment"); United States v. State of Oregon, 913 F.2d 576, 589 (9th Cir. 1990) (finding intervention untimely because applicants had notice of the proceeding and were aware that their interests would be discussed in settlement negotiations); Air California, 799 F.2d at 538 (requiring applicant to intervene before settlement when the applicant was aware that the parties were attempting to reach a negotiated settlement and might look to the applicant for help towards the settlement, even though the applicant did not know the terms of the settlement); see also Washington, 86 F.3d at 1503 ("any substantial lapse of time weighs heavily against intervention"); League of Latin Am. Citizens, 131 F.3d at 1304 (noting that courts generally have been reluctant to allow intervention when the applicant appears to have been aware of the litigation but has unduly delayed in seeking to intervene).

_____

[10] ESBI concedes in its reply papers that it "will be required to indemnify Verizon for a portion of the money Verizon pays pursuant to the Proposed Settlement Agreement." ESBI's Reply at 3.

In sum, the Court concludes that the timeliness factors weigh heavily against intervention.  The record reflects undue delay by ESBI in seeking to intervene with knowledge that its financial interests might be adversely affected by the outcome of this litigation.  The record also reflects that the balance of harms regarding intervention weigh in favor of denying intervention.  In light of the Court's conclusion regarding timeliness, the remaining factors of intervention as a matter of right need not be addressed.  League of United Latin Am. Citizens, 131 F.3d at 1307; Washington, 86 F.3d at 1503 (if the motion to intervene is not timely, the court need not reach any of the remaining factors under Rule 24).  The Court, however, will consider the remaining factors below.

## 2.      Significant Protectable Interest

An applicant filing a timely motion to intervene must also demonstrate that it has a "significant protectable interest relating to the property or transaction that is the subject of the action."  Prete, 438 F.3d at 954.  "An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims."  Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998).  To intervene as a matter of right, the intervenor must establish an interest that is "direct, non-contingent, substantial and legally protectable."  Dilks v. Aloha Airlines, 642 F.2d 1155, 1157 (9th Cir. 1981).  " 'An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule.' "  Brennan v. N.Y.C. Bd. of Educ., 260 F.3d 123, 129 (2d Cir. 2001).

Whether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry.  Greene v. United States, 996 F.2d 973, 976 (9th Cir. 1993) "No specific legal or equitable interest need be established.  Nevertheless, the movant must demonstrate a 'significantly protectable interest.'  An economic stake in the outcome of the litigation, even if significant, is not enough."  Id. (citations omitted); but see Alisal Water Corp., 370 F.3d at 919 ("non-speculative, economic interest may be sufficient to support a

right of intervention" only when the interest is "concrete and related to the underlying subject matter of the action").[11]

The Court finds that ESBI has failed to sustain its burden to demonstrate that it has a "significant protectable interest" in this action within the meaning of Rule 24(a).  ESBI contends that it has a significant protectable interest in the amount of attorneys' fees and costs that the Court approves as part of the settlement.  ESBI's interest, however, is financial and collateral to "the property or transaction that is the subject of the action."  The subject matter of this action is Verizon's liability for the claims alleged in the operative complaint, which arise out of Verizon's alleged practice of intentionally charging wireline telephone consumers for products and services they have not requested or authorized and the illegal billing and collection of such charges.  SAC ¶ 1.  ESBI does not claim an interest in the issues being litigated in this action.  To the contrary, ESBI's stated interest in this action is its obligation to indemnify Verizon for "certain costs that Verizon has agreed to pay under [the] proposed settlement" of these issues.  ESBI's Mtn. at 1.  The instant action does not involve the question of whether ESBI is obligated to indemnify Verizon for certain costs paid by Verizon under the settlement pursuant to an indemnity agreement entered into between ESBI and Verizon.  The resolution of this matter does not require a determination of the respective rights and obligations of ESBI and Verizon under the indemnity agreement.  Thus, ESBI's asserted interest in the subject matter of this action is not significant.

Further, while the settlement exposes ESBI to liability, any obligation of ESBI to pay any portion of the attorneys' fees and costs awarded in this action will depend upon

---

[11] In Alisal Water Corp., the Ninth Circuit held that a judgment creditor could not intervene in an environmental suit because its interest in the prospective collectability of a debt secured by property at issue in the case was not sufficiently related to the action. Alisal Water Corp., 370 F.3d at 920-921.  The court reasoned that the judgment creditor had no interest in the environmental subject matter of the lawsuit.  Id. at 920.  Instead, the creditor's interest in collecting its debt was "several degrees removed from the overriding public health and environmental policies" that were the "backbone" of the action.  Id.  The Court stated that "[t]o hold otherwise would create an open invitation for virtually any creditor of a defendant to intervene in a lawsuit where damages might be awarded."  Id.

1  whether Verizon seeks indemnity following the resolution of this action and, if so, an

2  analysis of their respective rights and obligations under the terms of the indemnity

3  agreement.  ESBI can litigate or arbitrate those matters in a subsequent proceeding.

4          ESBI, for its part, has neither cited controlling authority nor provided persuasive

5  argument demonstrating that it has a significant protectable interest within the meaning of

6  Rule 24(a) to justify intervention.  ESBI has not shown that its financial "interest" in this

7  action is "direct, non-contingent, substantial and legally protectable" to justify intervention.

8  Dilks, 642 F.2d at 1157.  Indeed, ESBI's financial interest in limiting its indemnity

9  exposure, i.e., "minimizing its indemnification obligations for payment of attorney fees," is

10  purely economic and is premised on a contingency that may never materialize; namely, the

11  initiation of a subsequent lawsuit or arbitration proceedings by Verizon seeking

12  indemnification.

13                  **3.        Impairment of Ability to Protect Interest**

14          As a general rule, "[i]f an absentee would be substantially affected in a practical

15  sense by the determination made in an action, he should . . . be entitled to intervene."

16  Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 822 (9th Cir. 2001).

17  ESBI contends that if it is not permitted to intervene "its interests will be eviscerated with

18  no practical opportunity to protect them."  ESBI's Mtn. at 7.  According to ESBI, if it is not

19  afforded an opportunity to oppose Class Counsels' fee application, its ability to challenge

20  the reasonableness of the fees it is obligated to pay will "forever be lost."  Id.  In support of

21  this contention, ESBI simply asserts, without citation to relevant/supporting provisions of

22  the agreement, that "[n]othing in ESBI's indemnification agreement with Verizon permits

23  ESBI to limit its indemnification obligations to only those fees which are reasonable or to

24  otherwise challenge whether the amount awarded or paid by Verizon was reasonable."

25  ESBI's Mtn. at 7.  In its reply brief, ESBI cites to Paragraph 20.1of the indemnity

26  agreement to support its contention that the agreement does not allow ESBI to contest the

27  amount of fees paid by Verizon.  ESBI Reply at 6-7.  ESBI, however, failed to point to any

28  language in this provision or any authority that supports its position.  A review of

Paragraph 20.1[12] and the other provisions in the indemnity agreement does not reveal any language supporting ESBI's position.  To the contrary, the language in the provision ESBI cites expressly limits its indemnity obligation regarding attorneys' fees and costs to "reasonable attorneys' fees and costs related to the defense" of claims asserted against Verizon arising from, or in any way connected with, or a result of ESBI's "performance or nonperformance of its duties and obligations under [the indemnity agreement]" or ESBI's "provision or nonprovision of services to End-Users and other customers of [ESBI]."  See Jacobs Decl., Exh. G ¶ 20.1.

Further, as previously indicated, the indemnity agreement contains a dispute resolution procedure which requires the parties to submit disputes to arbitration, and that the arbitrator must apply New York law to resolve any dispute.  See Jacobs Decl., Exh. G ¶ 16.  Under New York law, in order for Verizon to recover reimbursement against ESBI under the indemnity agreement, Verizon must show, among other things, that the settlement (including attorneys' fees and costs) was reasonable and in good faith.  See ELRAC, 699 N.Y.S.2d at 649.  ESBI failed to address the dispute resolution provision of the indemnity agreement or otherwise persuasively demonstrate that it is precluded under the agreement or as a matter of law from challenging the reasonableness of the settlement of this action, including the reasonableness of the attorneys' fees and costs, in a subsequent proceeding. Further, ESBI failed to adequately explain its contention that "[t]he fact that [it] may have the right to subsequently litigate its indemnification issues with Verizon is irrelevant to

---

[12] Paragraph 20.1 of the indemnity agreement provides:

[ESBI] shall indemnify, defend and hold harmless Verizon . . . from and against all losses, costs, claims, liabilities, damages, settlements, penalties, awards, and expenses whatsoever (including reasonable attorneys' fees and costs related to the defense of the foregoing), incurred by or asserted against [Verizon] arising from, or in any way connected with, or as a result of (a) [ESBI's]performance or nonperformance of its duties and obligations under this Agreement or (b) [ESBI's] provision or nonprovision of services to End-Users and other customers of [ESBI].  All amounts due under this Section shall be payable upon written demand.

Jacobs Decl., Exh. G ¶ 20.1

1    whether [its] ability to protect its interest in the attorney fee amount approved by this Court

2    [will be] impaired" if it is not permitted to intervene."  ESBI's Reply at 6.

3         Accordingly, the Court finds that ESBI has failed to sustain its burden to

4    demonstrate that the disposition of this action may, as a practical matter, impair or impede

5    its ability to protect its financial interest in this action.  There has been no showing that the

6    resolution of this matter will foreclose ESBI from challenging the reasonableness of the

7    settlement of this matter in a subsequent proceeding, including the reasonableness of the

8    attorneys' fees and costs.  To the contrary, the evidence before the Court indicates that

9    ESBI has a right to arbitrate indemnification issues following the resolution of this action.

10            **4.      Adequate Representation by Existing Party**

11        Finally, the Court finds that ESBI has failed to demonstrate that it is not adequately

12   represented by the existing parties.  In determining whether a proposed intervenor's

13   interests would be adequately represented by an existing party, the Court considers: (1)

14   whether the interest of a present party is such that it will undoubtedly make all of the

15   intervenor's arguments; (2) whether the present party is capable and willing to make such

16   arguments; and (3) whether the would-be intervenor would offer any necessary elements to

17   the proceedings that other parties would neglect.  Berg, 268 F.3d at 822.  The burden of

18   showing inadequacy is minimal, and the applicant need only show that representation of its

19   interests by existing parties "may be" inadequate.  Id. at 823.

20        ESBI contends that Verizon will not adequately represent its interest to minimize its

21   indemnification exposure because Verizon has agreed not to oppose Class Counsels' fee

22   application.  ESBI's Mtn. at 8.  ESBI also contends that it "will bring a necessary element to

23   these proceedings - a party that is willing and capable to assess class counsels' petition for

24   fees and ensure that the amount sought is proportional to the tangible benefit actually

25   received by the class members."  Id.  In response to Plaintiffs' argument that Verizon and

26   ESBI share the same ultimate objective - paying as little as possible in attorneys' fees -

27   ESBI argues that "[t]his argument cannot be squared with the Settlement Agreement,"

28   which provides that Verizon will not oppose a fee application so long as it does not request

1  fees in excess of $7,500,000.  ESBI's Reply at 7.  ESBI also argues that Verizon is not

2  capable of making all of ESBI's arguments relating to Class Counsels' application for fees

3  because Verizon has agreed not to oppose the application.  ESBI's Reply at 8.

4      As discussed above, the Settlement Agreement contains a "clear sailing provision,"

5  which states that "Verizon shall not oppose . . . or solicit others to [oppose]" an application

6  for attorneys' fees, costs and expenses in an amount that does not exceed $7,500,000.

7  Settlement Agreement at 22.  However, Plaintiffs and Verizon have agreed to remove the

8  "clear sailing" provision from the Settlement Agreement, and Verizon represented to the

9  Court that it will review Class Counsels' fee application and make any objections it deems

10  necessary.  See Transcript of Proceeding at 23:2-24:2; 25:3-8, 27:9-10; 38:20-23; 41:8-11.

11      At the hearing, ESBI's counsel stated that its concern with the Settlement Agreement

12  is the absence of any assessment of the reasonableness and appropriateness of the

13  $7,500,000 in fees and costs that Class Counsel may request pursuant to the agreement.

14  Transcript of Proceeding at 15-16:3.  She also stated that "if . . . the parties to this suit allow

15  the fee to be subjected to the adversarial process, and if Verizon is in there making

16  objections to the proposed fee, then arguably, ESBI's interests are being adequately

17  protected[,]" which "undermine[s] ESBI's right of intervention as [of] right."  Id. at 24:10-

18  19.  ESBI further stated that its concern, which prompted it to file its motion to intervene,

19  would be accommodated "if Verizon was in there duking it out on the fees."  Id. at 24:23-

20  25:2.

21      Notwithstanding the foregoing, ESBI insists that intervention as a matter of right is

22  warranted because Verizon's representation may be inadequate going forward.  When asked

23  by the Court to explain its position, ESBI was unable to articulate a credible, non-

24  speculative reason as to why the representation of its interests by Verizon may be

25  inadequate.  Instead, ESBI simply responded that it believes Verizon may not adequately

26  represent its interests because Verizon does not have the same incentive to "fight the fees"

27  because ESBI is the party "ultimately . . . on the hook for them" under the indemnity

28  agreement.  See id. at 28:5-18; 29:24-30:5; 39:2-18; 44:24-45:9; 49:24-50:3.

The Court finds that ESBI's speculative, unsubstantiated belief, without more, is insufficient to satisfy its burden to demonstrate that its interests may not be adequately represented by the existing parties.  At the hearing, ESBI did not offer a credible reason for the Court to question Verizon's representation that it will review Class Counsels' fee application and make any objections it deems necessary.  Nor did ESBI persuade the Court that Verizon has failed to represent its interests at any time during this litigation.  While ESBI takes the position that Verizon vigorously represented its interests throughout this litigation until it agreed not to object to Class Counsels' fee application so long as the application did not request fees in excess of $7,500,000,[13] ESBI is hard-pressed to convincingly argue that the Settlement Agreement does not adequately protect its interests given that it did not participate in the litigation of this action or meaningfully participate in the settlement negotiations.  ESBI did not provide a factual basis in its papers or argue at the hearing that an evidentiary basis exists to support its contention that the Settlement Agreement does not adequately protect its interests.  Nor does ESBI sufficiently explain why Verizon would "vigorously" defend the case for nearly three years and then decide to abdicate its responsibilities to ESBI during the settlement negotiations.  Accordingly, the Court concludes that ESBI has failed to demonstrate that its interests are not adequately represented by existing parties.  As such, this factor weighs against intervention.

### 5.    Conclusion

In sum, the Court concludes that ESBI has failed to sustain its burden to demonstrate that intervention as of right is warranted.  In addition to filing an untimely application for intervention, ESBI failed to demonstrate that it has a significant protectable interest relating to the property or transaction that is the subject of the action, that the disposition of this action may, as a practical matter, impair or impede its ability to protect its stated interest in

---

[13] At the hearing, ESBI admitted that Verizon adequately represented its interests from the beginning of this litigation until the settlement of this matter in February 2012. Transcript of Proceedings at 42:24-43:25; 48:8-10.  According to ESBI, Verizon vigorously defended this case.  Id. at 48:12-18; 71:17-20.

this action, and that the existing parties may not adequately represent its interest. Accordingly, ESBI's motion to intervene as of right is DENIED.

### E.        Permissive Intervention

In addition to seeking to intervene as of right, ESBI, in the alternative, seeks to intervene pursuant to Rule 24(b)(1)(B).  Rule 24(b)(1) allows "anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."  See Fed.R.Civ.P. 24(b)(1).  An applicant seeking to intervene under Rule 24(b)(1)(B) must also demonstrate that the motion is timely, that the applicant's claim or defense and the main action have questions of law or fact in common, and that the trial court has an independent basis for jurisdiction over the applicant's claims or defenses.  See Donnelly, 159 F.3d at 412; Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 839 (9th Cir. 1996). The proposed intervenor bears the burden to demonstrate that it has satisfied the requirements for intervention.  Prete, 438 F.3d at 954.  In exercising its discretion, a district court must consider whether intervention "will unduly delay the main action or will unfairly prejudice the existing parties."  See Donnelly, 159 F.3d at 412; see also Fed.R.Civ.P. 24(b)(3).

For the reasons stated above, the Court finds that ESBI's request for permissive intervention is untimely, and therefore denial of the motion is appropriate.  See League of United Latin Am. Citizens, 131 F.3d at 1308 (explaining that for permissive intervention, courts "analyze the timeliness element more strictly").  Moreover, the Court finds that permissive intervention is inappropriate given ESBI's failure to demonstrate that its interests are not adequately represented by Verizon, and because intervention will cause prejudice to the existing parties and might delay the resolution of this action as discussed above.  See, e.g., California v. Tahoe Regional Planning Agency, 792 F.2d 775, 778-79 (9th Cir. 1986); see also Donnelly, 159 F.3d at 412 ("In exercising its discretion, the district court must consider whether intervention will unduly delay the main action or will unfairly

prejudice the existing parties.").[14]  Accordingly, ESBI's alternative request for permissive intervention is DENIED.

## III.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.   ESBI's application for leave to file a supplemental brief is DENIED.

2.   ESBI's motion to intervene is DENIED.  ESBI, however, is granted leave to file an *amicus* brief opposing Class Counsels' fee application.  In the event ESBI decides to file such a brief, it shall inform the parties of its intent to do so.  Thereafter, ESBI and the parties shall meet and confer and submit a stipulation proposing a briefing schedule and page limits regarding the *amicus* brief and any responsive briefs.  The stipulation shall be filed by the parties no later than ten (10) days from the date this Order is filed.

3.   This Order terminates Docket 102 and 129.

IT IS SO ORDERED.

Dated: 2/5/13

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[14] Plaintiffs argue that ESBI cannot show any independent grounds for jurisdiction. However, because ESBI does not seek to litigate a claim on the merits, an independent jurisdictional basis is not required.  Beckman Industries, 966 F.2d at 473; see also Freedom from Religion Foundation, Inc. v. Geithner, 644 F.3d 844 (9th Cir. 2011) ("the independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims.").  Plaintiffs also argue that "there is no common question of law or fact between the main case and the proposed intervention."  The Court disagrees.  ESBI seeks to intervene to be heard on the propriety of Class Counsels' fee application.  The reasonableness of the Settlement Agreement, including the provision allowing Class Counsel to seek attorneys' fees and costs in an amount not to exceed $7,500,000, has been raised by the parties and will be addressed at the final fairness hearing.