JEFFREY F. KELLER (SBN 148005)
**KELLER GROVER, LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861
jfkeller@kellergrover.com

JOHN G. JACOBS (*PRO HAC VICE*)
BRYAN G. KOLTON (*PRO HAC VICE*)
**JACOBS KOLTON, CHTD.**
55 West Monroe Street, Suite 2970
Chicago, Illinois 60603
Telephone: (312) 427-4000
Facsimile: (312) 268-2425
jgjacobs@jacobskolton.com
bgkolton@jacobskolton.com

David Schachman (*Pro Hac Vice*)
**LAW OFFICES OF DAVID SCHACHMAN, P.C.**
55 West Monroe Street, Suite 2970
Chicago, Illinois 60603
Telephone: (312) 427-9500
Facsimile: (312) 268-2425
ds@schachmanlaw.com

Michael W. Sobol (SBN 194857)
Jahan C. Sagafi (SBN 224887)
**LIEFF CABRASER HEIMANN
 & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
msobol@lchb.com
jsagafi@lchb.com

*Attorneys for Plaintiffs and the Settlement Class*

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DESIREE MOORE and KAREN JONES, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>VERIZON COMMUNICATIONS INC., VERIZON CALIFORNIA, INC., VERIZON CORPORATE SERVICES GROUP INC., VERIZON SERVICES CORP., TELESECTOR RESOURCES GROUP, INC. d/b/a VERIZON SERVICES GROUP, VERIZON SERVICES OPERATIONS INC., VERIZON SERVICES ORGANIZATION, INC., VERIZON CORPORATE SERVICES CORP., VERIZON DATA SERVICES, INC., and DOES 1 through 25,<br><br>Defendants. | CASE NO. CV 09-1823 SBA<br><br>CLASS ACTION<br><br>**DECLARATION OF JOHN G. JACOBS IN SUPPORT OF FINAL APPROVAL**<br><br>Location: Courtroom 1, 4th Floor.<br>1301 Clay Street<br>Oakland, California 94612<br>Date: May 9, 2013<br>Time: 1:00 p.m.<br><br>The Honorable Saundra B. Armstrong |

DECLARATION OF JOHN G. JACOBS ISO FINAL APPROVAL        CASE NO. CV 09-1823 SBA

**DECLARATION**

John G. Jacobs, pursuant to 28 U. S. C. § 1746, hereby declares and states as follows:

1. I am President and founder of Jacobs Kolton, Chtd. I am a member of the bar of Illinois and have been admitted *pro hac vice* in this matter. I am one of the attorneys representing Plaintiff and the Class in this matter. This declaration is based on my own personal knowledge except where expressly noted otherwise.

2. One of the objections included in Group Exhibit 1 to the Motion For Final Approval Of Class Action Settlement And Memorandum Of Points And Authorities In Support is the objection of Richard Principio. Our co-counsel retrieved this objection from the Clerk's office when he sent someone to double check the file in on February 4, 2013. It appears not to have been filed with the Court (it is not part of Dkt. No. 142, the Clerk's filing of letters postmarked on or before August 17, 2012) and it is not part of Exhibit E to the Declaration of Julie Redell attaching all objections received by the Settlement Administrator. Mr. Principio had not sent a copy of his objection to me, as Class Counsel, as required by the Court's Preliminary Approval Order. Prior to receiving a copy from co-counsel, I had not seen the objection.

3. Another objection included in Group Exhibit 1 is the objection of Daniel Martinez (it is not clear; the last name may be Martines). Our office received the objection on May 18, 2012. It appears not to have been filed with the Court (it is not part of Dkt. No. 142, the Clerk's filing of letters postmarked on or before August 17, 2012 nor was it found in the court file when our local counsel checked the file in February of 2013) and it is not part of Exhibit E to the Declaration of Julie Redell attaching all objections received by the Settlement Administrator. The letter appears to have been sent only to Class Counsel.

4. A letter included in Group Exhibit 1 is from Senae Dillard. Ms. Dillard objects that she was told that she was not on the class member list. When we received a copy of Ms. Dillard's letter to the Court, I contacted her. It turned out that she had used her Verizon <u>Wireless</u> account number when she had made her request, rather than her landline account number. With our help, a proper request for a charge summary was made for her landline account. She then

1  received her charge summary.  The Charge Summary showed that, in fact, she had received
2  credits yielding a credit balance of $48.

3      5.    Another letter included in Group Exhibit 1 is from Dr. Delores Warner.  Dr.
4  Warner complains that although she talked with me about obtaining her charge summary, she had
5  not yet received it.  Dr. Warner and I had several communications over a period of a several
6  weeks beginning in mid-June 2012 and continuing through August 7.  Apparently Dr. Warner had
7  provided an incorrect PIN number, but I managed to get that straightened out for her, and on
8  August 3, 2012 obtained a tracking number for Dr. Warner's request, which I transmitted to her on
9  August 7. (Meanwhile, she sent her letter dated August 4 to the Court.)  I have been advised that
10 on August 19, 2012, Verizon sent Dr. Warner a letter informing her that she had no reportable
11 charges.  I have not heard further from Dr. Warner.

12     6.    A final letter included in Group Exhibit 1 is a letter from Sandra Diaz, received by
13 our office on June 4, 2013.  Ms. Diaz states, "Please exclude me from the Settlement.  I do not
14 want to be put in that lawsuite [sic]."  The letter sent to our office from Ms. Diaz does not
15 purport to state any objection.  A different version of the letter from Ms. Diaz was sent to the
16 Settlement Administrator (see exhibit G-22 to the Redell Declaration).  It also seeks exclusion,
17 but, along with a signed Claim Form for $99,999.99, also includes the lone sentence, "I Sandra
18 Diaz object to the Settlement."  On that basis, it has been included in Group Exhibit 1 as an
19 objection, even though under the terms of the Settlement Agreement and the Court's Preliminary
20 Approval Order of February 28, 2012, persons who opt out are not permitted to object to any of
21 the terms of the settlement.

22     7.    In March of 2012, Verizon announced that it was going to quit billing for what are
23 called "miscellaneous" or "enhanced services" on its customers' bills.  From our investigation of
24 the industry, these are the third-party charges that account for the vast bulk of cramming
25 complaints, such as those at issue in this case.  According to filings made by Verizon with the
26 FCC in June of 2012, *Comments of Verizon and Verizon Wireless*, In the Matter of Empowering
27 Consumers to Prevent & Detect Billing for Unauthorized Charges (Cramming), CG Docket No.
28

11-116 (June 25, 2012) (http://apps.fcc.gov/ecfs/document/view?id=7021977694, "This decision will curtail a significant portion of Verizon's existing third-party billing, and in particular will address the third-party charges that have been at the center of the government's recent cramming inquiries," (page 1) and "To protect its customers, Verizon has decided to eliminate third-party billing for miscellaneous or enhanced services – i.e., those services that have generated the bulk of the cramming complaints." (Page 12.)  A copy of the said FCC filing is attached as Exhibit 6 to the foregoing Motion For Final Approval to which this Declaration is attached.   According to the contemporaneously-filed declaration of Verizon's Eric Schaefer, as of December 31, 2012, Verizon in fact no longer allows such charges on its bills.

Executed in Chicago, Illinois this 11th day of June, 2013.

   /s/ John G. Jacobs
John G. Jacobs