IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE MOORE, et al., | Case No.: 09-1823 SBA (JSC) |
| Plaintiffs, | **ORDER RE: SUBMISSION OF PLAINTIFFS' BILLING RECORDS** |
| v. | |
| VERIZON COMMUNICATIONS, INC., et al., | |
| Defendants. | |

Now pending before the Court is Plaintiffs' Motion for Attorneys Fees (Dkt. No. 123) which was referred to the undersigned magistrate judge by the Honorable Saundra Brown Armstrong. (Dkt. No. 189.) The parties appeared for oral argument on September 5, 2013 and for the reasons stated on the record Class Counsel was ordered to produce copies of their contemporaneous time records, which had previously been submitted to the Court for *in camera* review, to Defendant Verizon Communications, Inc., ("Verizon"). At the hearing, Enhanced Services Billing, Inc. ("ESBI"), who was granted leave by the District Court to submit an amicus brief in opposition to the fee motion, requested that it also be provided a copy of the billing records. For the reasons set forth below, ESBI's request is DENIED.

At oral argument, ESBI requested that the Court exercise its discretion and order Class Counsel to likewise submit their billing records to ESBI for review.  In doing so, ESBI relied on its status as amicus and its financial interest in this litigation based on an indemnity agreement it has with Verizon.  In particular, ESBI argued that "as the payor of the ultimate fee award [ESBI] has the right to understand the basis for what it is being asked or required to pay."  ESBI has no right to anything beyond that which the Court grants it leave to do. *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1068 (N.D. Cal. 2005) ("an amicus curiae is not a party and has no control over the litigation and no right to institute any proceedings in it, nor can it file any pleadings or motions in the case").  The cases cited by ESBI at the hearing regarding the involvement of amicus do not suggest otherwise.  *See, e.g.*, *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1354 (11th Cir. 2003) (noting in dicta that "the court could have permitted innumerable sources to inform its judgment, regardless of whether those sources were proper parties with a legal right to object" while concluding that "objections alone do not indicate party status"); *Hage v. United States*, 35 Fed. Cl. 737, 742 (Fed. Cl. 1996) (concluding that while "amici [] have specialized knowledge which may be beneficial to the court in the resolution of this case,…amici shall bear the burden of demonstrating that they specifically can contribute expertise and arguments *not presented by defendant*" at each stage) (emphasis added); *United States v. State of Mich.*, 680 F. Supp. 928 (W.D. Mich. 1987) (discussing scope of amicus status within the confines of the particular consent decree before the court).

ESBI's arguments regarding the strength of its interests here are undermined by the District Court's order denying it leave to intervene.  (Dkt. No. 154.)  In particular, the District Court concluded that any financial interest of ESBI's was speculative: "any obligation of ESBI to pay any portion of the attorneys' fees and costs awarded in this action will depend upon whether Verizon seeks indemnity following the resolution of this action and, if so, an analysis of their respective rights and obligations under the terms of the indemnity agreement.  ESBI can litigate or arbitrate those matters in a subsequent proceeding."  (*Id*. at  21:21-22:3.)  Thus, "ESBI has not shown that its financial 'interest' in

1  this action is 'direct, non-contingent, substantial and legally protectable' to justify
2  intervention." (*Id.* at 22:6-7 quoting *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1157 (9th Cir.
3  1981). Further, ESBI admitted at the hearing on the motion to intervene that "if . . . the
4  parties to this suit allow the fee to be subjected to the adversarial process, and if Verizon is in
5  there making objections to the proposed fee, then arguably, ESBI's interests are being
6  adequately protected." (Dkt. No. 154 at 25:14-17.) The District Court nonetheless granted
7  ESBI leave to submit an amicus brief regarding the fee motion noting that it "will assist the
8  Court in fulfilling its obligation to closely scrutinize the relationship between attorneys' fees
9  and the benefit to the class to ensure that the attorneys' fee award, like the settlement itself,
10 is reasonable." (Dkt. No. 154 at 14:23-26.) This ruling does not translate into a finding that
11 ESBI should be afforded the same status as Verizon in opposing Plaintiffs' fee motion.

12 Ultimately, the question is whether further scrutiny of Class Counsel's time records
13 by an additional party would be helpful to the Court's review. The Court concludes in its
14 discretion that it would not; to the contrary, it would be inefficient and unhelpful to have
15 additional briefing on the limited subject of the reasonableness of particular individual
16 billing entries. *See, e.g.*, *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros.*
17 *Dairy*, 54 F.Supp.2d 974, 975 (E.D.Wash. 1999) (internal citations omitted) (an amicus
18 should provide "unique information or perspective that can help the court beyond the help
19 that the lawyers for the parties are able to provide"). As the Court stated at oral argument,
20 any objection to billing entries en mass or individually must be substantive to meaningfully
21 assist the Court. Verizon is more than capable of undertaking this review. To the extent that
22 ESBI has an interest in this litigation, it can adequately represent that interest through
23 substantive briefing on the reasonableness of the fees sought and does not need to duplicate
24 the work of Verizon's counsel scrutinizing individual billing entries.

25 Class Counsel shall provide copies of its billing records to Verizon forthwith. The
26 parties shall meet and confer regarding a briefing schedule and file a stipulation regarding
27 the briefing schedule for supplemental submissions related to the billing records by
28 September 12, 2013. Under the schedule, ESBI's supplemental reply, if any, shall be filed

on the same day as Plaintiffs' supplemental reply. Upon submission of the supplemental briefing, the Court will take the matter under submission.

**IT IS SO ORDERED.**

Dated: September 5, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

4