UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DESIREE MOORE and KAREN JONES individually and on behalf of a class of similarly situated individuals,<br><br>            Plaintiffs,<br><br>    v.<br><br>VERIZON COMMUNICATIONS INC., VERIZON CALIFORNIA INC., VERIZON CORPORATE SERVICES GROUP INC., VERIZON SERVICES CORP., TELESECTOR RESOURCES GROUP, INC. d/b/a VERIZON SERVICES GROUP, VERIZON SERVICES OPERATIONS INC., VERIZON SERVICES ORGANIZATION INC., VERIZON CORPORATE SERVICES CORP., VERIZON DATA SERVICES INC., and DOES 1 through 25,<br><br>            Defendants. | Case No.:  C 09-1823 SBA<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Docket 123, 211, 212 |

The parties are presently before the Court on Verizon's[1] Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge. Dkt. 212. Class Counsel oppose the motion. Dkt. 213. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Verizon's Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge, and OVERRULES Verizon's objections to Magistrate Judge Jacqueline Scott Corley's

---

[1] The Defendants in this case are Verizon Communications Inc., Verizon California Inc., Verizon Corporate Services Group Inc., Verizon Services Corp., Telesector Resources Group, Inc. d/b/a Verizon Services Group, Verizon Services Operations Inc., Verizon Services Organizations, Inc., Verizon Corporate Services Corp., and Verizon Data Services Inc. (collectively, "Verizon" or "Defendants").

("Magistrate Corley") Report and Recommendation.  For the reasons stated below, the Court ACCEPTS Magistrate Corley's Report and Recommendation, which shall become the Order of this Court.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.   **BACKGROUND**[2]

On July 11, 2013, the Court referred Class Counsel's motion for an award of attorneys' fees and expenses to Magistrate Corley for a Report and Recommendation.  Dkt. 189.  On August 28, 2013, the Court granted Plaintiffs' Motion for Final Approval of Class Action Settlement, and granted in part Class Counsel's Motion for Attorneys' Fees and Expenses and Class Representative Incentive Awards.  Dkt. 196.  The Court granted Class Counsel's Motion for Attorneys' Fees and Expenses and Class Representative Incentive Awards to the extent Class Counsel sought an incentive award of $5,000 for each of the Class Representatives, and noted that Class Counsel's motion for an award of attorneys' fees and expenses in the amount of $7,500,000[3] was referred to Magistrate Corley for determination, subject to review by this Court upon timely request by either party.  Id.

On September 5, 2013, Magistrate Corley heard oral argument regarding Class Counsel's motion for attorneys' fees and expenses, and ordered Class Counsel to produce their contemporaneous billing records to Verizon.  Dkt. 198.  Thereafter, the parties filed supplemental briefs regarding the reasonableness of the attorneys' fees sought by Class Counsel in light of Verizon's review of the billing records.  Id.  Enhanced Services Billing, Inc. ("ESBI"), which was previously granted leave to submit an amicus brief in opposition to Class Counsel's motion for attorneys' fees and expenses, also submitted a supplemental brief opposing Class Counsel's motion.  Id.

---

[2] The relevant facts and procedural history of this case are set forth in the Court's order granting final approval of class action settlement and will not be repeated here.  See Dkt. 196.

[3] The Settlement Agreement provides for the payment of attorneys' fees and expenses in an amount up to $7,500,000.  See Dkt. 196.

On November 27, 2013, Magistrate Corley issued a Report and Recommendation in which she recommends awarding Class Counsel $7,500,000 in attorneys' fees and expenses, i.e., the full amount allowed under the Settlement Agreement.  Dkt. 211.  In reaching her recommendation, Magistrate Corley determined that the appropriate method of calculating attorneys' fees is the lodestar method, and that the lodestar in this case is $6,365,982.  Id.[4]  She also found that a multiplier of *at least* 1.5 is warranted "[i]n light of the 'excellent' terms of the settlement, Class Counsel's efforts to ensure that the class has meaningful access to the settlement's benefits, and the risk involved in bringing this case."  Id.[5]

In so finding, Magistrate Corley reasoned that because the hourly rates charged by the attorneys that worked on this case are the normal rates they charge in non-contingency cases, the risk Class Counsel took in bringing this contingent-fee case would not be taken into account without a multiplier.  Dkt. 211.  Magistrate Corley further reasoned that "while the litigation may not have been extensive, the results achieved are sweeping and there was a substantial risk that Plaintiffs would not succeed either at the class certification or merits stage.  Class members receive significant monetary relief (full refunds of unauthorized third-party charges) and injunctive relief (a complete overhaul of Verizon's third-party billing practices including an opt-in requirement[] for all new accounts) under the settlement."  Id.  Finally, Magistrate Corley noted that "while not required by the settlement

---

[4] Magistrate Corley also conducted a lodestar cross-check, concluding that the cross-check confirmed her finding that a fee and expense award in the amount of $7,500,000 is reasonable and warranted.  Dkt. 211.  Verizon did not object to Magistrate Corley's lodestar cross-check or her determination that an award of costs in the amount of $171,304.86 is reasonable.  In the absence of a timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed.R.Civ.P. 72, Advisory Committee Notes (1983) (citing Campbell v. U.S. Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974)); see Wang v. Masaitis, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) (de novo review of a report and recommendation is only required when an objection is made to the report and recommendation).  The Court has reviewed the record on its face and finds no clear error in Magistrate Corley's lodestar cross-check or her determination that an award of costs in the amount of $171,304.86 is reasonable and warranted.

[5] Magistrate Corley noted that "even if Counsel's present lodestar were reduced by more than $1 million, a fee award of $7.5 million would still be reasonable."  Dkt. 211.

itself, less than one month after the settlement was preliminarily approved Verizon agreed to no longer engage in third-party billing for enhanced or miscellaneous services." Id.

On December 11, 2013, Verizon filed a Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge. Dkt. 212. On December 26, 2013, Class Counsel filed an opposition. Dkt. 213. A reply was filed on January 2, 2014. Dkt. 214.

## II. LEGAL STANDARD

Any objections to the report and recommendation of a Magistrate judge must be filed within fourteen days of receipt thereof. Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Any objections to the report and recommendation must be made as a motion for de novo determination, and must "specifically identify the portions of the Magistrate Judge's findings, recommendation or report to which objection is made and the reasons and authority therefor." See Civ. L.R. 72-3(a).

The district court must make "a de novo determination of those portions of the report or . . . recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).[6] However, when no objections are filed, the district court need not conduct a de novo review. United States v. Reyna–Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (the "district judge must review the magistrate judge's findings and recommendations de novo *if [an] objection is made,* but not otherwise.") (emphasis in original). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." Id.

## III. DISCUSSION

Pursuant to Rule 72(b) and Civil Local Rule 72-3, Verizon requests a de novo determination of Magistrate Corley's recommendation to award Class Counsel $7,500,000 in attorneys' fees and expenses. Defs.' Mot. at 1. Verizon does not dispute that Class

---

[6] See United States v. Raddatz, 447 U.S. 667, 676 (1980) ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.").

Counsel is entitled to a substantial fee award in this case. Id. However, Verizon contends that an award of $7,500,000 is "patently unreasonable" for the following reasons:

- Seventy-five percent of Class Counsel's claimed hours are post-settlement.
- The vast majority of these post-settlement hours are for a "call center" Class Counsel set up to perform administrative tasks already being performed by the court-appointed settlement administrator.
- Class Counsel staffed their redundant "call center" with attorneys billing at rates three times what is reasonable for the tasks being performed.
- Class Counsel themselves spent an excessive amount of time setting up and managing their redundant "call center" and performing administrative tasks.
- Class Counsel agreed to accept over $2 million less in fees in a settlement of the same claims against AT&T, even though that case involved numerous motions, extensive formal discovery, and a class three times the size of the class in this case, which involved only one motion and no formal discovery.

Id.

Verizon contends that Class Counsel's lodestar should be reduced to $4,631,216 based on duplication of work and "inefficiency," and that Class Counsel's requested multiplier of 1.15, if applied at all, should be applied only to the pre-settlement lodestar, i.e., $2,258,336.[7] Defs.' Mot. at 1, 11. According to Verizon, Class Counsel is only entitled to an award of attorneys' fees and expenses in the amount of $5,141,287. Id.

Having conducted a de novo review of Magistrate Corley's Report and Recommendation and having considered the merits of Verizon's objections as well as the entire record, the Court hereby OVERRULES Verizon's objections, for the reasons set forth below. Magistrate Corley issued a well-reasoned and thorough Report and Recommendation containing specific findings and conclusions upon which she bases her recommendation to award Class Counsel $7,500,000 in attorneys' fees and expenses. See Dkt. 211. Magistrate Corley identified the correct legal standard, considered the relevant case law, and provided sound legal analysis in reaching her recommendation. The Report

---

[7] Contrary to Verizon's contention, Class Counsel did not request a 1.15 multiplier. In their motion for attorneys' fees and expenses, Class Counsel asserted that a multiplier of "less than 2.1" would be appropriate based on the lodestar at that time. Dkt. 123. In response to the instant motion, Class Counsel assert that they have always maintained that a significant multiplier in the range of 3 to 5 is warranted if a lodestar approach is used to calculate attorneys' fees. Class Counsel's Opp. at 16 n. 6.

and Recommendation specifically addressed each of the issues raised by Verizon in the instant motion.  The Court has considered the merits of Verizon's objections and concludes that Verizon has failed to demonstrate that any portion of the Report and Recommendation should be modified or rejected.  Magistrate Corley's recommendation to award $7,500,000 in attorneys' fees and expenses is supported by the record and applicable law.  Verizon, for its part, has not provided any compelling reason for the Court to reject the recommendation.  Verizon has not shown that Magistrate Corley's recommendation rests upon erroneous factual findings or an erroneous application of the law.  Below, the Court will address Verizon's objections to the Report and Recommendation.

### A.   Post-Settlement Communications with Class Members

Verizon contends that Class Counsel's lodestar should be reduced because Class Counsel charged unreasonable rates and spent an unreasonable amount of time communicating with class members after the parties executed the settlement agreement. Defs.' Mot. at 3-6.  Specifically, Verizon argues that Class Counsel's lodestar should be reduced because it was unreasonable for Class Counsel to set up a "call center" staffed with fifteen attorneys[8] to respond to class member inquiries when the Settlement Administrator was performing similar services.  Id. at 3-4.  According to Verizon, the administrative and clerical tasks performed by the attorneys at the "duplicative call center" - such as returning phone calls and transcribing voicemails - could have easily been performed by non-attorneys at a much lower cost.  Id. at 4.  Verizon asserts that "[i]f Class Counsel is going to be compensated for staffing their duplicative call center, they should be compensated at no more than $62.50 per hour, a rate that is already higher than the highest rate charged by the settlement administrator for identical services." Id. at 4-5.  Verizon maintains that an hourly rate of $62.50 is a reasonable rate for attorneys performing "call center tasks," and that "[i]f senior attorneys are to be compensated at all for the time expended on these

---

[8] Class Counsel dispute that they retained or assigned fifteen attorneys to work at a "call center."  Verizon does not direct the Court to specific evidence in the record supporting their contention that Verizon staffed a "call center" with fifteen attorneys to respond to class member inquiries.

clerical tasks, a reasonable rate of compensation is . . . $250 per hour." Id. at 5-6.  The Court disagrees.

The Court finds that Class Counsel's post-settlement communications with class members were reasonable and appropriate, and that a reduction in Class Counsel's lodestar is not warranted for such work.  The post-settlement time spent by Class Counsel communicating with class members was reasonably expended and necessary to effectuate the parties' claims-made settlement.  As noted by Magistrate Corley, this Court's Order preliminarily approving the settlement expressly directed Class Counsel and the Settlement Administrator to respond to inquiries by class members.  See Dkt. 99.  Further, Verizon has not shown that Class Counsel engaged in any clerical and/or administrative activities that should have been performed by the Settlement Administrator, less experienced attorneys, or paralegals.  Indeed, contrary to Verizon's contention, communicating with class members is not a clerical activity.  See Californians for Disability Rights v. California Dep't of Transp., 2010 WL 8746910, at *17 (N.D. Cal. 2010) ("communicating with class members" does not qualify as a "clerical activit[y]") report and recommendation adopted sub nom. Californians for Disability Rights, Inc. v. California Dep't of Transp., 2011 WL 8180376 (N.D. Cal. 2011) (Armstrong, J.); Browne v. Am. Honda Motor Co., Inc., 2010 WL 9499073, at *9 (C.D. Cal. 2010) (finding that time spent on post-settlement class member communications and supervising responses to class members' questions regarding the settlement was reasonable); Goodson v. Comm'r of Soc. Sec., 2009 WL 3211700, at *2 (S.D. Cal. 2009) (finding that "the time Plaintiff's attorney spent communicating with his client was not clerical and was reasonable.").

Additionally, Verizon has not shown that the post-settlement time spent by attorneys communicating with class members should have been billed at a rate of $62.50 per hour, or that the time spent by senior partners communicating with class members should have been billed at a rate of $250 per hour.  The Court is not persuaded that the time spent

1  communicating with class members should have been billed at lower rates than the normal
2  hourly rates charged by the attorneys that worked on this case.[9]

3  Finally, Verizon has not shown that the work performed at the "call center" was
4  redundant or that Class Counsel otherwise engaged in unnecessary work that should have
5  been performed by the Settlement Administrator or less experienced attorneys.  Verizon
6  failed to show that Magistrate Corley erred in rejecting its contention that "the time spent
7  by the partners communicating with class members should have been expended by less
8  experienced attorneys or paralegals."  See Dkt. 211.  Further, Verizon failed to show that
9  Magistrate Corley erred in finding that "Class Counsel followed up on or, in some cases,
10 filled in the gaps left by, the work of the Settlement Administrator to ensure that class
11 members' needs were being addressed."  See id.  Indeed, Verizon does not dispute
12 Magistrate Corley's finding that Class Counsel identified an additional 326,505 class
13 members who had not received notice of the settlement as a result of their post-settlement
14 communications with class members, which led to the submission of numerous additional
15 claims, including a $1,200,000 claim by a public educational institute.  In the Court's view,
16 Class Counsel should be applauded, not penalized, for their efforts to ensure that class
17 members receive the benefits they are entitled to under the settlement.  The Court rejects
18 Verizon's suggestion that the services provided by Class Counsel were interchangeable
19 with the services provided by the Settlement Administrator such that a reduction in Class
20 Counsel's lodestar is appropriate.

21  **B.     Duplication of Work**

22  Verizon contends that a reduction in Class Counsel's lodestar is warranted because
23 Class Counsel did not act reasonably to avoid overstaffing and duplication of effort.  Defs.'
24 Mot. at 6-8.  Specifically, Verizon argues that it was unreasonable for Class Counsel to
25 have four senior partners attend every mediation session, hearing, and telephone

---

[9] The Court notes that Verizon did not object to Magistrate Corley's determination that "the hourly rates for the attorneys who billed time on this case are reasonable given the geographic location and experience of counsel."  See Dkt. 211.

conference. Id.  According to Verizon, a 10% across-the-board reduction in Class Counsel's lodestar is warranted to account for duplicative and inefficient staffing. Id. at 8. The Court rejects this argument.

The Court finds that Verizon has failed to demonstrate that a reduction in Class Counsel's lodestar, beyond the $10,000 reduction Magistrate Corley found appropriate,[10] is warranted based on duplication of effort and/or inefficiencies.  Having reviewed the record, the Court is not persuaded that there was needless duplication of effort such that a further reduction in Class Counsel's lodestar is justified.  This putative nationwide class action involved complex factual and legal issues.  As such, it was reasonable for multiple senior attorneys to be present and to participate in the important aspects of the litigation, including the multiple mediation sessions which ultimately led to the settlement of this action. Verizon has not directed the Court to specific evidence in the record demonstrating that Class Counsel overstaffed particular tasks.  Given the complex nature of this action, the results achieved, and the experience of Class Counsel, the Court declines to second-guess the staffing decisions made by Class Counsel in the absence of a clear showing of unwarranted duplication of effort. See Kim v. Fujikawa, 871 F.2d 1427, 1435 n. 9 (9th Cir. 1989) (finding that the participation of more than one attorney constituted a reasonable necessity, given the complexity of legal issues and the breadth of factual evidence involved in the case); Probe v. State Teachers' Retirement System, 780 F.2d 776, 785 (9th Cir. 1986)

---

[10] In this regard, Magistrate Corley stated as follows:

> Having four partners represent the class during the mediation sessions was not unreasonable in a nationwide class action of this nature.  The Court does agree, however, that it is likely unnecessary to have four partners attend a motion to dismiss given that only one attorney may actually argue the motion. Even if the Court deducts $10,000 from the amount billed for the motion hearing, however, it does not change the outcome of this motion.
>
> Accordingly, after considering all of the relevant factors, the Court is not persuaded that a 10% across-the-board reduction in Plaintiffs lodestar is appropriate.  The Court instead finds that an appropriate lodestar is $6,365,982 [i.e., a $10,000 reduction in Class Counsel's lodestar is warranted].

Dkt. 211.

("in an important class action litigation such as this, the participation of more than one attorney does not constitute an unnecessary duplication of effort.").

### C. Nwabueze v. AT&T Inc. et al., Case No.: 09-1529-SI

Verizon contends that the amount of attorneys' fees sought by Class Counsel is unreasonable because Class Counsel agreed to accept $2,000,000 less in fees to settle an almost identical case against AT&T, Nwabueze v. AT&T Inc. et al., Case No.: 09-1529-SI, which involved a larger class, numerous motions, and extensive discovery. Defs.' Mot. at 8-9. The Court rejects this argument. The Court agrees with Magistrate Corley's determination that Nwabueze is not a relevant benchmark of the appropriateness of the attorneys' fees sought in this case. As noted by Magistrate Corley, a number of factors contribute to the amount of attorneys' fees counsel may be willing to accept in a particular case; what is relevant here is whether the attorneys' fees sought in this action are reasonable based on the factors laid out by the Ninth Circuit in Chalmers v. City of Los Angeles,796 F.2d 1205 (9th Cir. 1986).

### D. Propriety of a Multiplier

Verizon contends that a multiplier is not appropriate in this case because Class Counsel billed 75% of their time after the parties executed the settlement agreement. Defs.' Mot. at 9-10. Verizon argues that "[t]o award a significant multiplier in a case where the overwhelming majority of time was billed after settlement is inconsistent with the purpose of a multiplier [which is] to reward the risks of litigation." Id. at 9. Verizon further argues that a multiplier would "incentivize[] the very duplication and inefficiency prohibited under the lodestar method." Id. According to Verizon, this is not the "rare" and "exceptional" case in which a multiplier is appropriate because the litigation was not extensive and required "relatively minimal time and effort by Class Counsel."[11] Id. Verizon asserts that

---

[11] Conveniently, Verizon makes no mention of the extensive, approximately year-long mediation process that the parties engaged in before agreeing to settle this case. See Weinstein Decl. ¶¶ 9-11, Dkt. 91-2. The mediation process was overseen by the Honorable Daniel Weinstein (Ret.) and involved, among other things, five all-day mediation sessions, several rounds of briefs, and the exchange of detailed information and documents. See id. ¶¶ 9, 11 (referring to the mediation process as "extraordinarily thorough").

if the Court is inclined to award a lodestar multiplier in this case, it should only be applied to the pre-settlement lodestar. Id. at 10.

"A district court generally has discretion to apply a multiplier to the attorney's fees calculation to compensate for the risk of nonpayment. It is an abuse of discretion to fail to apply a risk multiplier, however, when (1) attorneys take a case with the expectation that they will receive a risk enhancement if they prevail, (2) their hourly rate does not reflect that risk, and (3) there is evidence that the case was risky." Fischel v. Equitable Life Assur. Society of U.S., 307 F.3d 997, 1008 (9th Cir. 2002) (citation omitted); see In re Wash. Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1300-1301 (9th Cir. 1994) (noting that "courts have routinely enhanced the lodestar to reflect the risk of non-payment in common fund cases" and finding district court's failure to apply multiplier to lodestar calculation was abuse of discretion where case was "fraught with risk and recovery was far from certain").

The Court is persuaded that Class Counsel took this case with the expectation that they would receive a substantial risk enhancement if they prevailed, and would not have undertaken the litigation without such potential. See Dkt. 123. Further, as found by Magistrate Corley and not objected to by Verizon, Class Counsel's hourly rates do not reflect an enhancement for the risk of non-payment. Dkt. 211. Accordingly, because there is ample evidence in the record establishing that this case was risky and that recovery was far from certain, Class Counsel is entitled to a risk multiplier. While Verizon argues that a lodestar multiplier is not warranted, Verizon's brief lacks any discussion regarding the specific risks Class Counsel faced in successfully prosecuting this action. The Court construes Verizon's silence on this issue as a tacit concession that this case was risky.[12] Indeed, as discussed in detail in the Court's Order granting final approval of class action

---

[12] Verizon does not dispute that this case was risky; rather, Verizon argues that a multiplier should not be applied to the time Class Counsel billed after the case was settled and the risks justifying a multiplier were no longer present. Verizon requests that the Court, if it is inclined to award a multiplier, only apply a multiplier to pre-settlement work performed by Class Counsel. The Court rejects Verizon's request. Verizon offers no authority supporting its position.

1  settlement, Class Counsel faced substantial risk in certifying a class and in succeeding on
2  the merits of their claims.
3        With respect to the appropriate multiplier to apply, the Court agrees with Magistrate
4  Corley that a multiplier of *at least* 1.5 is warranted given the results achieved, Class
5  Counsel's efforts on behalf of the class, and the substantial risk that Plaintiffs would not
6  succeed at the class certification or merits stage of the litigation.  Thus, even if the Court
7  were inclined to reduce Class Counsel's lodestar by the amount requested by Verizon, i.e.,
8  $4,631,216, an award of $7,500,000 in attorneys' fees and expenses is still appropriate in
9  this case.  To award Class Counsel the amount of fees and expenses they seek with a
10  lodestar of $4,631,216 and expenses in the amount of $171, 304.86, the Court would need
11  to apply a multiplier of approximately 1.58 ($4,631,216 (lodestar) x 1.582455914
12  (multiplier) + $171,304.86 (costs) = $7,500,000.01).  The Court finds that such a multiplier
13  is justified under the circumstances of this case.
14        As set forth in detail in the Court's Order granting final approval of class action
15  settlement, Class Counsel achieved excellent results[13] for the class and significant benefits
16  for non-class members in light of the substantial challenges they faced in certifying a class
17  and prevailing on the merits of their claims.  See Dkt. 196.  In taking this case, Class
18  Counsel ran the risk of incurring significant expenses through protracted litigation against
19  experienced litigators and not being compensated at all.  See id.  A review of the record
20  reveals that Class Counsel displayed great skill in resolving this complex case and
21  protecting the interests of class members through an extraordinary commitment of time,
22  resources, and energy that could have been devoted to other less risky non-contingency
23  matters.  It is clear to the Court that the results achieved would not have been possible but
24  for the considerable effort and skill of Class Counsel.  Thus, given the great risks involved
25  in prosecuting this case on a contingency basis, the quality of the representation, and the
26  excellent results achieved, the Court concludes that a multiplier of slightly more than 1.58

---

[13] The Court notes that Verizon's attorneys' fees expert describes the settlement as "excellent" and "largely unprecedented."  O'Connor Decl. ¶¶ 17, 44, 58, 63, Dkt. 212-1.

is warranted.  See In re Bluetooth Headset Products Liability Litigation, 654 F.3d 935, 941-942 (9th Cir. 2011) (a court may adjust the lodestar figure upward or downward by an appropriate positive or negative multiplier reflecting a host of "reasonableness" factors, including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment); Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1051 n. 6 (9th Cir. 2002) (multipliers ranging from 1 to 4 are frequently awarded in common fund cases when the lodestar method is applied).

## IV.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Verizon's Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge is GRANTED.  Verizon's objections to Magistrate Corley's Report and Recommendation are OVERRULED.

2. The Court ACCEPTS Magistrate Corley's Report and Recommendation, which shall become the Order of this Court.  Class Counsel are awarded $7,500,000 in attorneys' fees and expenses.

3. This Order terminates Docket Nos. 123, 211, and 212.

IT IS SO ORDERED.

Dated: 2/13/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge